GILLIS <i>v.</i> BLACK.

In an action of right, the defendant cannot, in his answer, set up a title for the plaintiff, and plead to it, and compel the plaintiff to take issue with him on the title thus set up.

In an action of right, it is the duty of the defendant to admit or deny the claim of the plaintiff, and to set up his own. Upon these respective claims and denials, they proceed to trial.

An answer in an action of right, which does not state what interest in, or title to the premises the defendant claims, as whether in fee simple or otherwise, is fatally defective.

Where a party claims title to real estate, by virtue of occupancy and actual adverse possession, he should aver what length of time and possession he relies upon.

A defendant in an action of right, is not obliged to set out the details of his title, but only what he claims; but where he undertakes to show his title, he should give it such definiteness that his adversary may be informed, and may be enabled to meet it.

Where a party claims title under the occupying claimant's act, he should show how that act creates a title originally, and facts and circumstances which show that the right could accrue to the party claiming the benefit of the act.

Where in an action of right the defendant answered, alleging that if plaintiff has any title to said land, it is based upon, and derived from, a certain decree of partition, made in the district court of Iowa terri-

tory, in Lee county, on the 8th day of May, 1841, in a suit wherein J. S. *et al.* were plaintiffs, and E. A. *et al.* were defendants, and that the said decree of partition was illegal, fraudulent and void, for the reasons following—setting out seventeen reasons; and where the defendant further pleaded, that he held the said lands by right of occupancy and actual adverse possession, "for the length of time limited by law,"—by genuine title, derived from an original half-breed Indian, of the Sac and Fox tribe of nations—and by title derived by virtue of the occupying claimant's law, from the State of Iowa—and denied *waste* and cutting timber, and that defendant was liable in any manner; and where the plaintiff demurred to the answer, for the following reasons: 1. The defendant cannot thus set up a title for the plaintiff, and compel him to take issue upon it; 2. The decree of partition cannot be thus impeached collaterally; 3. The statute of limitations, if r:lied upon, is not so pleaded as to be available, and defendant should state how long he has been in possession—which demurrer was sustained. *Held*, That the demurrer was properly sustained.

*Appeal from the Lee District Court.*

WEDNESDAY, OCTOBER 13.

The appellee brought his action to recover the southeast quarter of section 18, township 65, north of range 5 west, claiming title and the right to possession. The defendant answers, alleging that if plaintiff has any title to said land, it is based upon, and derived from, a certain decree of partition, made in the district court of Iowa territory, in Lee county, on the 8th of May, 1841, in a suit wherein Josiah Spaulding *et al.* were plaintiffs, and Euphosyne Antaga *et al.* were defendants; and that the said decree of partition was illegal, fraudulent and void, for the reasons following; setting forth seventeen reasons why the decree is invalid. He then pleads farther, that he held the said lands by right of occupancy and actual adverse possession, "for the length of time limited by law," by genuine title derived from an original half-breed Indian, of the Sac and Fox tribe of nations, and by title derived by virtue of the occupying claimant law, from the State of Iowa; and denies waste and cutting timber, and being liable in any manner.

To this answer, plaintiff demurred : 1. Because defendant cannot thus set up a title for plaintiff, and compel him to take issue upon it; 2. Because the decree of partition cannot be thus impeached collaterally ; 3. Because the statute of limitation, if relied upon, is not so pleaded as to be available, and the same is no bar; and the defendant should state how long he has been in possession.   The defendant afterward withdrew that part of his answer which denied and traversed the allegations of the petition, or any of them.   The demurrer was sustained, and the defendant refusing to answer over, judgment was rendered that plaintiff recover the possession of the land described.   The plaintiff withdrew his claim of damages for use and occupancy.   The defendant appeals.

*F. Semple,* for the appellant.

*Rankin, Miller & Enster,* and *Charles Mason,* for the appellee.

Woodward, J.—There cannot be a doubt, we think, but that the defendant's answer is defective in substance, in the first and main portion of it; and the reason for this opinion is contained in the plaintiff's first cause for demurrer—that is, that the defendant cannot set up a title for the plaintiff and plead to it, and compel the plaintiff to follow him.   If the petitioner should take issue upon the allegation that such is his title, it would be but an immaterial issue, trying the question by what line of title he claims, and not the strength of the title.   The plaintiff must be at liberty to offer such proof, or source of title, as he may have.   The defendant's duty is to admit or deny the plaintiff's claim, and to set up his own.   Upon these respective claims and denials, they proceed to trial.

This answer is of so unusual a character, that we are hardly prepared to say, what rules of pleading it violates —it is not readily classified.   There is one, however, which clearly it does not meet.   It does not directly an-

swer the petition. This it does argumentatively or hypo-
thetically only.

The grounds alleged as rendering the decree invalid, are
not now considered. When they come up properly, the
question will be, whether they do render the judgment
void, as claimed; and then some of them might be found
affecting certain parties only, and some rendering it not
binding on certain ones, for want of notice, or because
they were not made parties, or whatever the reason might
be, but yet going to a part only. The plaintiff does not
demur to the specific reasons assigned for its invalidity,
but proceeds upon the supposition that the answer is, in
the above respect, legally bad, even admitting the truth of
the facts averred, and the effect of them assumed by de-
fendant, if properly pleaded, and it is upon this ground
that we concur in sustaining the demurrer. The defend-
ant had not arrived at a position in his cause, in which he
could plead those facts. He cannot take it for granted
that the plaintiff has one, and only one, basis of claim, and
set this up for him, and then plead to it.

The remaining matters alleged in the answer, are also
defectively pleaded in substance. The defendant does not
state what he claims, whether a fee simple or otherwise.
He does not state distinctly that he asserts his right by
virtue of an adverse possession. But admitting this par-
ticular to be sufficient, still, he does not aver what length
of time and possession he relies upon. This part of the
answer fails in every requisite of form and substance. In
the next step, he claims to hold, as we suppose it means,
by a title derived from a half-breed Indian, not naming
him. He is not obliged to set out the detail of his title,
but only what he claims; but if he undertakes to show his
title, he should give it such definiteness, that the adver-
sary may be informed, and may be enabled to meet it.
The claim under a half-breed Indian, leaves his opponent
loosely afloat and in darkness. If he aims to deny, he
does not know what he is denying. The third ground for
defendant's supposed title, is under the occupying claim-

ant's law, but he sets out no facts or circumstances upon which a right could accrue. And further, the pleading does not show us how that law creates a title originally.

The answer is wanting in material matters, and the court was correct in sustaining the demurrer. The judgment is therefore affirmed.