14 421
83 609
14 421
84 401

## ROBINSON v. LAKE.

1. STATUTE OF LIMITATIONS. The statute of limitations begins to run from the ouster, or commecement of the adverse possession, and not from the execution of the deed under which the adverse claimant holds.

2. SAME. Where an adverse possession commenced in 1848, prior to the Code of 1851, and an action of right to recover the possession was commenced in 1859, it was held that it was commenced too late.

*Appeal from Clinton District Court.*

TUESDAY, JANUARY 6, 1863.

To an action of right to recover a part of lot 1, block 17, in Lyons city, the defendant pleaded as follows: 1. That at the time of the commencement of this action, and immediately prior thereto, the defendant, under claim of absolute

right and title in fee in himself to the whole of the real estate described in said petition, and under color of title thereto, had been in the continued, actual, adverse, exclusive, visible and notorious possession of the said real estate for more than ten years, and including more than five years after the first day of July, 1851; and the defendant has continued such possession to the present time; said possession, claim of right, color of title in the defendant was under a deed of conyeyance to the defendant for the whole of said lot, which deed was duly filed and indexed for record, and recorded in the office of the recorder of said county more than ten years prior to the commencement of this action; and that, therefore, the pretended cause of action is and was, at and before the commencement of this suit, absolutely barred.

2. Defendant further answering says: that from, to wit, the first day of March, A. D., 1848, until the present time, he and persons in privity with, and claiming under him, have had and been in the continued and uninterrupted, actual, adverse, exclusive, visible and notorious possession of the said real estate, under claim of absolute right and title in fee to the whole of said real estate described in said petition, and under color of title thereto; which possession had continued more than ten years prior to the commencement of this action, including more than five years after the 1st of July, 1851; that said possession, claim of right and color of title, was under a deed made to defendant for the whole of said lot 1, B. 17, and which was duly filed and indexed for record, and indexed and recorded in the office of the recorder of deeds in said county more than ten years prior to the commencement of this action; and that by means thereof the pretended cause of action of plaintiff is absolutely barred by the statute of limitations, in such case made and provided, and was so barred at and before the commencement of this suit.

Plaintiff demurred to these pleas, assigning as causes:

1. Because prior to the Code of 1851, adverse possession must have been continuous, open, exclusive and visible for the period of twenty years.

2. Because under said Code such possession must have continued for ten years from the 1st of July, 1851.

3. Plaintiff's action was commenced in 1859, and ten years' adverse occupancy could not have existed from July 1st, 1851.

Demurrer overruled. Plaintiff refused to answer over, and now appeals.

*Grant & Smith* for the appellant, cited Burrill Law Dict. and Bouv. Law Dict., title Presumption; Ang. & Ames Lim., § 414.

*A. R. Cotton* for the appellee, cited *Montgomery* v. *Chadwick*, 7 Iowa, 114; *Wright* v. *Keithler*, Id., 92; *Kilbourne* v. *Lockman*, 8 Id., 380.

WRIGHT, J.—This action was commenced September 23, 1859. The argument of appellant in support of his demurrer may be stated thus: A plea of the statute of limitations, and one of adverse possession, are perfect and distinct modes of defense, or of resisting a recovery of land. The first is good in an action of right in favor of a trespasser without color of right, who occupies adversely for the time limited, running from the time of plaintiff's title. The second can only avail when defendant holds during the whole time fixed by the statute of limitations; that in 1848 the statute of limitations was twenty years; in 1851 it was reduced to ten years; that defendant must show adverse possession for twenty years prior to the taking effect of the Code, or ten years after that time; and that under these pleas defendant gets title by adverse possession, because plaintiff did not sue in five years from

July 1, 1851, thus making such possession a bar in less than eight years.

In our State, title to lands is derived directly from the federal government. He who takes title thus draws the actual legal possession to it. Being thus in possession by force of his title, he so remains until disseized or ousted by some one who enters with a claim of adverse possession. When this ouster takes place, the limitation of the statute begins to run. If this adverse possession is legally sufficient, then it constitutes a bar to the assertion of the legal title. To be thus legally sufficient, it must be "actual, continued, visible, notorious, distinct and hostile." *Hawk* v. *Sensemen*, 6 S. & R., 21. Having such possession with color or claim of title, continued and kept up during the requisite period, entitles the defendant to the protection of the statute. 2 Smith's Leading Cases, 532–60–61.

In this case defendant alleges an entry under color of title and adverse possession, of such a nature as to constitute the legal bar. And as he shows that it continued for the time limited by the statute, it must be treated as a positive bar to the assertion of plaintiff's title. The right of action accrued to plaintiff, or those under whom he claims at the time the entry and ouster, and not from the date of his deed or when he obtained title. As the right of action then accrued, plaintiff would be barred unless he commenced his action within the time limited by the statute. And hence, as this action was commenced in 1859, and the adverse possession commenced in 1848, being of the character stated in the pleas, it was brought too late. *Wright* v. *Keithler*, 7 Iowa, 92; *Montgomery* v. *Chadwick*, Id., 114; *Kilbourne* v. *Lockman*, 8 Id., 380; *Jones* v. *Hockman*, 12 Id., 101.

Affirmed.