## SATER v. MEADOWS ET AL.

1. **Statute of Limitations**: COLOR OF TITLE TO LAND: WHAT SUFFI-
CIENT. Deeds which are insufficient to convey a good title may be suffi-
cient to show color of title, in favor of which, when joined with adverse
possession, the statute of limitations may be invoked. See opinion for
authorities.

2. **Pleading**: ADMISSION BY ANSWER NOT WITHDRAWN, THOUGH SUPER-
SEDED BY GENERAL DENIAL. Where an averment necessary to plaint-
iff's recovery was made in the petition and admitted in the answer, but
the petition was afterwards amended, and the defendants, without with-
drawing their original answer, filed another answer, denying every alle-
gation of the petition and amended petition, *held* that, since said aver-
ment was not inconsistent with the general denial, it still stood admitted,
and that plaintiff was not required to prove it.

*Appeal from Des Moines District Court.*

WEDNESDAY, APRIL 7.

THE plaintiff claims to be the owner of certain real estate
which is situated on what is known as "Ray Island" and
"Shin Island" in the Mississippi river, off the shore of Des
Moines county. This action was brought to establish and
quiet the title to the land as against the defendants. There
was an issue made as to the ownership, and upon a trial to the
court there was a decree entered quieting the plaintiff's title
to a part of the land, and dismissing his petition as to the
remainder. Both parties appeal.

*Geo. H. Lane*, for plaintiff.

*Hall & Huston*, for defendants.

ROTHROCK, J.—The plaintiff attached an abstract of title to
his petition, as required by section 3251 of the Code. He
does not aver nor claim in his petition that he holds the land
by a regular chain of title from the general government. He
bases his claim to the land upon some twelve years' actual

and uninterrupted occupancy and possession adverse to the claims of all others, and he exhibited his abstract of title, and upon the trial he introduced the conveyances as showing color of title and claim of right. Among these conveyances the plaintiff's abstract shows that on the twenty-second day of September, 1869, the land in controversy was certified by the proper authority to the Burlington & Missouri River Railroad Company, under the railroad land grant.

The defendants, by their answer, denied the averments of the petition not admitted, and claimed that defendants were the owners of the land by virtue of a proper conveyance from the Chicago, Burlington & Quincy Railroad Company, and that said company appeared on record to be the owner of the land by direct conveyance from the general government. An abstract of title was attached to the answer, by which it is shown that on September 29, 1869, the land was certified to the Burlington and Missouri River Railroad Company, under the land grant, and that it was afterwards conveyed by that company to the Chicago, Burlington & Quincy Railroad Company. The plaintiff afterwards amended his petition, by setting out a particular description of the land, and reaffirm'ed all his allegations as to adverse possession, and alleged that the defendants are barred by the statute of limitations from having or claiming any right, title or interest in said realty by virtue of any grant from the United States and successive deeds thereunder. The defendants then filed the following answer: "Come now defendants, and by leave of court answer the petition and amendment to petition, and say they deny each and every allegation; deny that plaintiff is entitled to any relief whatever; and ask to be discharged with costs." The evidence shows that long prior to 1869, and down to the year 1882, the plaintiff, and those under whom he claims, were in the actual, open, notorious, continuous and exclusive possession of the land; that such possession was in good faith, and in the full belief that the possessor was the rightful owner. We need not set out this evidence. It is enough to say that

Sater v. Meadows et al.

the possession was of such a character as to launch and set in operation the statute of limitations, if the possession was accompanied by such a claim of right or color of title as to authorize the possessor to invoke the statute.    To show color of title, the plaintiff introduced certain deeds of conveyance purporting to convey the land to him.    These deeds were informal, and some of them indefinite in the description of the land, and they did not show that the grantors had title to the land.    But they were sufficient, in connection with the oral testimony in the case, to show that the plaintiff's possession was founded upon color of title.    If the deeds were correct in form, and were founded upon a perfect title, the plaintiff would not be under the necessity of using them as a basis for a claim under the statute of limitations.    That they were sufficient for that purpose can admit of no question.  *Wright v. Keithler*, 7 Iowa, 92; *Jones v. Hockman*, 12 Id., 101;  *Hamilton v. Wright*, 30 Id., 480;  *Chicago, R. I. & P. R'y Co. v. Allfree*, 64 Id., 500.

*1. STATUTE of limitations: color of title to land: what sufficient.*

II.   We come now to what appears to be the controverted question in the case.    The plaintiff did not introduce in evidence the certification of the lands by the general government to the Burlington & Missouri River Railroad Company, and it is claimed that, as there was no proof that the title to the land had passed from the United States, the plaintiff could not invoke the statute of limitations, and assert his possession as against the government.    That adverse possession of public lands cannot avail against the government is well settled.  *Knight v. Leary*, 54 Wis., 459; S. C., 11 N. W. Rep., 600;  *Wood v. Mo., K. & T. R'y Co.*, 11 Kan., 323.   We think, however, that it was not incumbent on the plaintiff to show that the land was patented by the government to the railroad company in 1869.   That was a conceded fact in the case.   The plaintiff attached an abstract of it, and made it part of his petition, and the defendants abstracted it as part of their answer.   It is true, they afterwards filed an amendment to their answer,

*2. PLEADING: admission by answer not withdrawn, though superseded by general denial.*

which consisted of a general denial of plaintiff's right to the land. But the original answer, with the abstract attached, was not withdrawn, and the fact that the government parted with the title remained in the case as conceded, and no proof thereof was necessary. *Easton v. Randall*, 45 Iowa, 111. The assertion of the fact in the abstract was not a defense inconsistent with the general denial. It was in accord with it, and was equivalent to an averment that the abstract of title of plaintiff, so far as it pertained to a conveyance of the land by the general government was correct.

There is no question made but that the statute of limitations would run against the railroad company and its grantees, and the plaintiff held adverse possession for more than ten years after the railroad company acquired title. Even if his possession originated while the title was in the government, its adverse character attached and became operative from the time the title passed to the railroad company. *Railroad Co. v. Allfree, supra.*

We think the plaintiff should have a decree quieting his title to all of the land in controvery. The cause will be affirmed on defendants appeal, and on plaintiff's appeal it will be

REVERSED.