ALBERT BURGESS, plaintiff-appellee, v. LEVERETT AND ASSOCIATES, defendant, JAMES R. LEVERETT, intervenor-appellant.

No. 50020.

(Reported in 105 N.W.2d 703)

32

OCTOBER 18, 1960.

Thaddeus C. Jones, of Des Moines, for appellant.

Charles J. Cardamon and Richard S. Hudson, of Des Moines, for appellee.

THORNTON, J.—Plaintiff commenced this action to recover treble damages for malicious injury to real property. Intervenor filed his petition claiming title and asking title be quieted in him. By way of answer and cross-petition plaintiff claimed title by adverse possession and intervenor's cause of action was barred by the statute of limitations and laches. The issues thus joined were transferred to equity for trial. The able trial court entered a decree in favor of plaintiff. The intervenor appeals urging five propositions for reversal.

This controversy finds its origin in 1925 when the plat of Grandview Heights, Plat No. 2, Des Moines, Polk County, Iowa, was filed for record. The plat purported to cover only the north

five acres of the Southwest Quarter of the Southeast Quarter of Section 30, Township 79 North, Range 23, West of the 5th P.M., Iowa, but in fact overlapped to the south 56 feet. The southerly row of lots in the plat were 56 feet north and south. The one here in question, Lot 292-A, is 56 feet north and south and 240 feet east and west. Plaintiff obtained a deed to Lot 292-A from one Dorris on the 25th of September, 1946. At that time the property was improved with a small house, outside toilet, well, garden, and fence on all sides. He sold it to the Vances on contract September 30, 1946. The Vances moved to the premises and made it their home until April of 1954, when, after the death of Mr. Vance, plaintiff repurchased the property. The property was rented to the Elliotts. The Wests rented the property, then purchased the property on contract in July of 1956. Mr. West died and a new contract was entered into with Mrs. West when she married a Mr. Sanders. The Sanderses placed improvements on the property totaling $1500. The Sanders' contract was forfeited by plaintiff in September 1957 and he has held the property for sale since that time. At the time plaintiff obtained his deed in 1946 he received an abstract of title and had it examined by his attorney. The abstract showed good title in his grantors.

Intervenor's title is based on a tax sale whereby Polk County obtained title by a tax deed, in October 1939, to the south 35 acres of the Southwest Quarter of the Southeast Quarter of Section 30-79-23. In October of 1941 the county conveyed said land to George O'Dea who filed an affidavit by tax titleholder under section 448.15, Code of Iowa, 1946, in April of 1949. Intervenor acquired the south 35 acres from O'Dea by warranty deed dated May 28, 1952. The general warranty was limited by the following provision in the deed: •

"The warranties herein do not extend to that portion of the above tract described as the North fifty-six (56) feet thereof nor does the grantor herein warrant that the above described tract contains Thirty-five (35) acres * * *."

Intervenor received an abstract and had it examined.. It is interesting to note in the opinion of the title examiner, now counsel for intervenor, this statement, "* * * The 120-day affidavit included in the notes is good only so far as it may go."

Plaintiff's abstract was limited to Lot 292-A and intervenor's to the south 35 acres. The tax-sale proceedings did not appear on plaintiff's abstract, and Grandview Heights, Plat No. 2, was not shown on intervenor's abstract at the time they received them for examination. Each party or those in privity with them had paid the taxes on the property, plaintiff as Lot 292-A, intervenor as a part of the south 35 acres.

■ I. Intervenor contends the case should be reversed because his grantor, O'Dea, filed the affidavit by tax titleholder pursuant to section 448.15 and plaintiff had not filed his claim within one hundred and twenty days as provided in section 448.16. Intervenor's contention is the filing of the affidavit and failure by a claimant to file within the time cut off all claims adverse to the title held or claimed at the time the affidavit was filed, in effect the title is quieted. In this instance this contention is wrong for two reasons. The first is, the purpose for which sections 448.15 and 448.16 were enacted is to cure defects in tax-sale proceedings and claims of persons having an interest in the property which were cut off by the tax-sale proceedings. The statutes so provide:

"448.15 * * * Any person claiming any right, title, * * * adverse to the title or purported title by virtue of such tax deed * * *."

"448.16 * * * claiming any right, title, or interest in or to such real estate adverse to the [tax] title or purported [tax] title * * *."

Each of the authorities cited by intervenor: Swanson v. Pontralo, 238 Iowa 693, 27 N.W.2d 21, Patterson v. May, 239 Iowa 602, 29 N.W.2d 547, and Adams v. Jensen, 47 N.W.2d 799 (Iowa, 1951) deals with claims based on interests arising before the tax sale.

Iowa Land Title Examination Standards adopted by the Iowa State Bar Association provide the extent Code sections 448.15 and 448.16 may be relied upon in standard 10.2 as follows: "These sections constitute a valid statute of limitations, and, when complied with, bar all claims based upon *defects in a tax deed,* excepting claims owned by a state or the United States of America. * * *." (Emphasis added.)

The claim of plaintiff does not arise out of a defect in a tax deed but is based on adverse possession for a period in excess of ten years, such period commencing seven years after the date of the tax deed.

■ II. The second reason is, the evidence shows O'Dea was not in possession of Lot 292-A but the Vances were living on the premises at the time the affidavit was filed. The Vances were both successors and predecessors in interest to plaintiff as above noted. The form of the affidavit to be substantially followed, as provided in section 448.15, is in part, "* * * and that [affiant or person on whose behalf the affidavit is made] is now in possession of such real estate and claims title to the same by virture of such tax deed, * * *." Modern Heat and Power Co. v. Bishop Steamotor Corp., 239 Iowa 1267, 1278, 34 N.W.2d 581, 587. There is no showing of any acts of ownership by O'Dea relative to Lot 292-A in April of 1949 when he filed the affidavit.

■ III. The parties do not disagree upon the elements necessary to constitute adverse possession. Their arguments concede in order to constitute adverse possession to acquire title the possession must be actual, open, hostile under claim of right or color of title, continuous and exclusive for the statutory period of ten years. Lynch v. Lynch, 239 Iowa 1245, 34 N.W.2d 485; Creel v. Hammans, 234 Iowa 532, 13 N.W.2d 305; Clear Lake Amusement Corp. v. Lewis, 236 Iowa 132, 18 N.W.2d 192; Montgomery County v. Case, 212 Iowa 73, 232 N.W. 150; and Kotze v. Sullivan, 210 Iowa 600, 231 N.W. 339.

■ It is intervenor's contention the evidence shows plaintiff has not been in actual, continuous and hostile possession. We believe the evidence does show these elements. Actual possession is the type of possession or control owners ordinarily exercise in holding, managing and caring for property of like nature and condition. Clear Lake Amusement Corp. v. Lewis, supra, 236 Iowa 132, 138, 18 N.W.2d 192, 195, and Whalen v. Smith, 183 Iowa 949, 953, 167 N.W. 646, 647. The possession of grantors claiming title may be tacked to the possession of the claimant. Kilbourne v. Lockman, 8 Iowa 380, and Helmick v. Davenport, R. I. & N. W. Ry. Co., 174 Iowa 558, 156 N.W. 736.

Possession of a tenant is possession by the claimant. 2 C. J. S., Adverse Possession, section 39(b), page 552, and 1 Am. Jur., Adverse Possession, section 32, page 807. The same is true of possession by a purchaser under an executory contract of sale. 2 C. J. S., Adverse Possession, section 130(b), page 688, and 1 Am. Jur., Adverse Possession, section 40, page 814, section 151, page 879. The evidence here shows plaintiff sold the property twice on contract and in each case reacquired the interest of the purchasers, and at other times he had tenants in possession and held the property for sale. Under the circumstances this is actual possession in the claimant. This also shows the possession was continuous for the statutory period, from September of 1946 to September of 1958, when intervenor filed his petition of intervention. There is no testimony the possession of plaintiff through his purchasers, tenants and individually was at any time interrupted or broken by anyone claiming title adverse to plaintiff or those in privity with him.

 IV. For plaintiff's possession to be hostile it is sufficient to show conduct of his intention to hold title exclusive of all other titles or against the world. Lynch v. Lynch, supra; 2 C. J. S., Adverse Possession, section 54, page 570; and 1 Am. Jur., Adverse Possession, section 138, page 872. Here plaintiff sold and rented the property. In the sale contracts he bound himself to deliver marketable title. He paid the taxes or those in privity with him did so. His conduct shows the intention to hold the property to the exclusion of all others. It is not contended he did not act under color of title or claim of right.

 V. Finally intervenor urges reversal because the court held his petition of intervention asking title be quieted in him was an action for the recovery of real property under section 614.1(6), Code of Iowa, 1946. This is the section that provides the statutory period of ten years for which the claimant must hold adversely. The adverse claimant, to start the statute running in his favor, must enter upon the land under such conditions as give rise to a cause of action in favor of the true owner. Certainly plaintiff did this when he sold the property to the Vances and they occupied the premises pursuant to such contract. Living in a house is open and notorious posses-

sion. At that time intervenor or his predecessor in title could have brought an action to oust plaintiff and his purchasers from possession or to establish his title to the lot by quieting title. In any event the purpose of the action is to establish title and the right to possession. Tilton v. Bader, 181 Iowa 473, 478, 481, 164 N.W. 871, 873, 874. When the adverse claimant proves adverse possession for the statutory period an action by the owner disputing such claim is barred by section 614.1(6).

There is no need to discuss the plea of laches or the arguments relative to section 448.12. Plaintiff has proved his title by adverse possession.—Affirmed.

All JUSTICES concur.