**IN THE COURT OF APPEALS OF IOWA**

No. 3-1198 / 12-1966
Filed March 26, 2014


**GLORIA HUTCHINS,**
    Plaintiff-Appellee/Cross-Appellant,

**vs.**

**LARRY HUTCHINS, Substituted for WILBUR HUTCHINS,**
    Defendant-Appellant/Cross-Appellee.
_____


    Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.


    Wilbur Hutchins appeals the district court's ruling in favor of Gloria

Hutchins in this adverse possession action. **AFFIRMED.**


    Valerie Cramer for Cramer Law, P.L.C., Des Moines, for appellant.

    Max Burkey, Des Moines, for appellee.


    Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**POTTERFIELD, P.J.**

Wilbur Hutchins appeals,[1] challenging the district court's ruling in favor of Gloria Hutchins in this adverse possession action.[2] He asserts Gloria Hutchins failed to prove the requisites of an adverse possession claim. We affirm.

### I. Background Facts and Proceedings.

In 1977, Joy and Wilbur Hutchins purchased 10.339 acres of land at 12300 64th Street, Elkhart, Iowa.

In 1987, Joy and Wilbur Hutchins invited their son, Michael; his wife, Gloria; and the couple's daughter to move onto the Elkhart property and build a home. Gloria and Michael established their residence—a manufactured home[3]—on the Elkhart acreage in 1987, where they resided from then on.

From 1987 and on, Gloria and Michael treated the approximately three acres of the Elkhart acreage as their own. Gloria and Michael planted a large fenced garden and orchard, erected a two and one-half car garage, poured cement sidewalks and a garage apron, and, beginning in 1999, paid real estate taxes. Electricity to the home is independent. Gloria and Michael, however, shared a driveway with Joy and Wilbur, and their water came from a well shared

---

[1] Wilbur Hutchins died while this action was pending. Larry Hutchins's motion to substitute party was granted by this court on March 5, 2014. For ease of reference we will continue to refer to the defendant as Wilbur Hutchins.

[2] Though Gloria filed a cross-appeal, she does not raise any independent challenge to the court's ruling. Rather, she asserts this court could affirm on alternate grounds, contending she also proved her claim under Iowa Code chapter 650 (2011) (disputed corners and boundaries), which was raised in count IV of her amended petition. The district court did not address the chapter 650 claim and Gloria did not seek a ruling on the claim. "If the court does not rule on an issue and neither party files a motion requesting the district court to do so, there is nothing before us to review." *Stammeyer v. Div. of Narcotics Enforcement of Iowa Dep't of Pub. Safety*, 721 N.W.2d 541, 548 (Iowa 2006). Therefore, we do not address the cross-appeal.

[3] In his appellate brief, Wilbur denies Gloria had a home built on the property, stating "it was a moveable trailer."

with Joy and Wilbur. Following Michael's death in 2005, Gloria continued to reside on and maintain the three acres and residence.

On June 21, 2011, Gloria was served with a notice to quit tenancy.

On July 5, 2011, Gloria filed a petition to quiet title to the three acres by virtue of adverse possession. She sought and was granted a temporary restraining order delaying her eviction. In an amended petition, Gloria also sought a prescriptive easement for continued use of the existing shared driveway and well, and alleged the boundaries of her property were established by acquiescence.[4]

Following a trial, the district court ruled in favor of Gloria and ordered that title to tax parcel 210-00502-004-000 and locally known as 12300 NE 64th Street, Elkhart, be quieted in favor of Gloria Hutchins. In a ruling on Gloria's motion to enlarge or amend, the court also granted an easement by prescription for use of the driveway leading to her property and for use of the well.[5] The court found the easements run with the land.

Wilbur Hutchins[6] appeals, contending (1) the district court erred in "finding plaintiff obtained title to the property by adverse possession"; (2) the plaintiff

---

[4] The trial court docket indicates the plaintiffs consented to the amendment on June 28, 2012, and the district court allowed the amendment on July 11, 2012.

[5] Iowa Code section 564.1, relating to easements, provides:

> In all actions hereafter brought, in which title to any easement in real estate shall be claimed by virtue of adverse possession thereof for the period of ten years, the use of the same shall not be admitted as evidence that the party claimed the easement as the party's right, but the fact of adverse possession shall be established by evidence distinct from and independent of its use, and that the party against whom the claim is made had express notice thereof; and these provisions shall apply to public as well as private claims.

[6] Both Joy Hutchins and Wilbur Hutchins died while this action was pending. Their son, Larry Hutchins, was substituted as appellant. *See* Iowa Code § 611.20 ("All causes of

"failed to prove the hostile element of adverse possession, which negates adverse possession"; (3) the district court erred in "raising the issue the defendant gave title to the land to the plaintiff"; (4) the court erred "when it found plaintiff and her husband had no duty to tell the defendants of their claim to the title of the property"; (5) the "only proof of ownership . . . was the plaintiff's self serving oral testimony"; (6) the court erred in finding the plaintiff acted as a true owner; (7) "the district court abused its discretion by not only making substantial factual errors in the final order[, b]ut also in misquoting supreme court cases as the law": (8) the court erred "when it believed the statements made by the plaintiff were true"; (9) the court erred in "grant[ing] a prescriptive easement against plaintiff's [sic] land by adverse possession when the possession was not exclusive or hostile"; and (10) the court erred when it found that there was a transfer of land title "absent any writing to that effect or any evidence of a transfer of land."

## II. Scope and Standard of Review.

This matter was tried in equity; consequently, our review is de novo. Iowa R. App. P. 6.907. We give weight to the trial court's fact findings, especially when considering the credibility of witnesses, but we are not bound by them. Iowa R. App. P. 6.904(3)(g).

---

action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same."); *Id.* § 625A.17 ("The death of one or all of the parties shall not cause the proceedings to abate, but the names of the proper persons shall be substituted, as is provided in such cases in the district court, and the case may proceed."); Iowa R. App. P. 6.109(3) ("If substitution of a party is sought for any reason, . . . the person seeking substitution must file a motion for substitution of party with the clerk of the supreme court."). Gloria's resistance to the motion to substitute requests this court order the opening of an estate for Wilbur Hutchins. We affirm the district court, maintaining the status quo. Gloria's request for additional relief should be directed to the district court following issuance of procedendo.

**III. Discussion.**

The court determined Gloria proved her claim of adverse possession under a claim of right. A party invoking the adverse possession doctrine "must establish hostile, actual,[7] open, exclusive and continuous possession, under claim of right or color of title for at least ten years." *C.H. Moore Trust Estate v. City of Storm Lake*, 423 N.W.2d 13, 15 (Iowa 1988). Proof of these elements must be "clear and positive." *Id.*

"A claim of right is evidenced by taking and maintaining property, such as an owner of that type of property would, to the exclusion of the true owner; in other words, the plaintiff's conduct must clearly indicate ownership." *Louisa Cnty. Conservation Bd. v. Malone*, 778 N.W.2d 204, 207 (Iowa Ct. App. 2009).

Wilbur's several issues on appeal essentially boil down to one—because Gloria came to the property with permission, her possession and use can never satisfy the "hostile" element of either adverse possession or prescriptive easement.[8] We disagree.

"Hostility of possession does not imply ill will, but only an assertion of ownership by declarations or acts showing a claim of exclusive right to the land." *Johnson*, 637 N.W.2d at 178 (citing 3 Am. Jur. 2d *Adverse Possession* § 50, at

---

[7] "Actual possession is the type of possession or control owners ordinarily exercise in holding, managing and caring for property of like nature and condition." *Burgess v. Leverett & Assocs.*, 105 N.W.2d 703, 706 (Iowa 1960).

[8] In *Johnson v. Kaster*, 637 N.W.2d 174, 178 (Iowa 2001), the supreme court observed:

> We consider principles of adverse possession when determining whether an easement by prescription has been created. However, the concepts of adverse possession and easement by prescription are not one and the same. Rather, easement by prescription concerns the use of property and adverse possession determines acquisition of title to property by possession.

(Citations omitted.)

143 (1986)). Conduct that shows an intention to hold title exclusive of others shows hostile possession. *Burgess*, 105 N.W.2d at 706. In order to show hostile possession, a plaintiff must demonstrate conduct showing the "intention to hold title exclusive to all other titles or against the world." *Id.* The Iowa Supreme Court has stated, "It is enough if the person . . . takes and maintains such possession and exercises such open dominion as ordinarily marks the conduct of owners in general, in holding, managing, and caring for property of like nature and condition." *See C.H. Moore Trust*, 423 N.W.2d at 15 (citation omitted). And "[a]lthough 'mere use' is insufficient to establish hostility or claim of right, certain acts, including substantial maintenance and improvement of the land, can support a claim of ownership and hostility to the true owner." *Malone*, 778 N.W.2d at 208.

We initially observe the district court found Gloria "to be credible in her testimony." We give deference to the court's finding as it was in a better position to assess her credibility. *See Neimann v. Butterfield*, 551 N.W.2d 652, 654 (Iowa Ct. App. 1996) ("We are keenly aware of the trial court's superior vantage point to make credibility determinations due to its ability to consider firsthand the demeanor and appearance of the parties.").

Upon our de novo review, we agree with the district court Gloria established such substantial maintenance and improvement of the land so as to establish hostile possession; that is, she proved her "intention to hold title exclusive to all other titles or against the world." *Burgess*, 105 N.W.2d at 706. She and Michael constructed a home on the property and planted an orchard. They enclosed a large garden with fencing. They built a two and one-half car

garage on a cement pad and poured cement sidewalks leading to their home. They built two decks surrounding the home and planted other trees. Gloria (and Michael) exclusively maintained the home and three acres. Beginning in 1999, Gloria has paid property taxes.

Wilbur argues the district court improperly injected the concept that the property was gifted to Gloria and Michael when the plaintiff did not make that claim. This reads too much into the district court's ruling. The court did not enter its ruling on the basis the property was a gift. Rather, the court considered the testimony of the witnesses—which included some testimony that Wilbur may have intended to gift the property—and found Gloria "entered the premises under a good faith belief she had a legal claim to the property" and "with the understanding she was the true owner." Those findings are pertinent to the claim that Gloria possessed the property under a claim of right. *See Council Bluffs Sav. Bank v. Simmons*, 243 N.W.2d 634, 636 (Iowa 1976) (discussing possession under claim of right); *see also Carpenter v. Ruperto*, 315 N.W.2d 782, 786 (Iowa 1982) (noting good faith claim of right is essential to adverse possession claim).

With respect to the district court's ruling concerning prescriptive easements, in addition to challenging the "hostility" of Gloria's possession, Wilbur argues Gloria's shared use of the driveway and well were not exclusive. "Under Iowa law, an easement by prescription is created when a person uses another's land under a claim of right or color of title, openly, notoriously, continuously, and hostilely for ten years or more." *Johnson*, 637 N.W.2d at 178. But, "use need

not be exclusive." *Id.* at 179. "Rather, a claimant's possession 'need only be of a type of possession which would characterize an owner's use.'" *Id.*

We conclude there is clear evidence supporting the trial court's findings of adverse possession and prescriptive easement. We therefore affirm.

**AFFIRMED.**