ST. LOUIS UNIVERSITY, Respondent, v. McCUNE *et al.*, Appellants.

1. Where a common field lot confirmed by the second section of the act of Congress of April 29, 1816, has a definite and certain location, the statute of limitations will run in favor of an adverse possession prior to an approved survey by the United States. (Aubuchon v. Ames, 27 Mo. 87, affirmed.)

2. Where a proprietor of land, through mistake or ignorance of the true location of the line separating his tract from that of an adjoining proprietor and with no intention to claim beyond the true line of separation, extends his fence beyond such line and encloses a portion of the land of such adjoining proprietor, the possession thus acquired will not be adverse.

*Appeal from St. Louis Land Court.*

By the act of Congress of April 29, 1816, a common field lot in the St. Louis Grand Prairie common field was confirmed to the legal representatives of Jacques Labbé. By the same act, the common field lot next south of the lot so confirmed to Labbé's representatives was confirmed to the legal representatives of François Lachapelle. These confirmations were surveyed by the United States. The survey of the Labbé lot is numbered 1587 ; the survey of the Lachapelle lot 1592. The latter survey was made in 1842 and was approved in 1857. The plaintiff claims title under the Labbé confirmation ; the defendants under the other. The plaintiff seeks to recover in the present suit a narrow strip of land about 1,205 feet long, and sixteen feet ten inches wide at one end, and nine feet ten inches at the other, containing about one-third of an acre. This strip lies within the Lachapelle confirmation as surveyed by the United States. The plaintiff introduced testimony showing that it and those under whom it claimed " had had open, continued, notorious, uninterrupted and visible possession of the land sued for, for more than twenty years prior to the entry of defendants, by actual enclosures, and that in March, 1836, the division fence was upon the line claimed by plaintiff as the south line of the land sued for, and that said fence was then old, and had the appearance of having been there many years, and that prior to defendants' entry in 1856, the line had not been disputed, and that plaintiff's possession had been held by the line of the old fence, and that defendants entered and put up the fence on the line of the survey in August, 1856." There was no evidence showing any agreement as to the line, except the actual possession by the fences, which possession was recognized and acquiesced in by the neighboring proprietors.

The court gave the following instruction at the instance of the plaintiff: "If the jury find from the evidence in this cause that after the confirmations respectively to the representatives of Jacques Labbé and Lachapelle of adjoining tracts of land, Lachapelle's representatives or those claiming under them entered upon the land so confirmed to Lachapelle's representatives, and fixed a boundary between the tracts of land so respectively confirmed to said Lachapelle's representatives and said Labbé's representatives, and marked the same by stones or other monuments, and built a fence along and upon said line, and claimed and occupied only up to said line for more than twenty years, and that the representatives of Jacques Labbé or those claiming under them agreed and assented to said line, and took possession of and occupied the land in question up to the said line for more than twenty years before the commencement of this suit, the plaintiff ought to recover."

The defendants asked the court to instruct the jury as follows: "1. If the jury believe from the evidence that the defendants are in possession of the land sued for within the lines of survey No. 1592 for F. Lachapelle's legal representatives as made by the United States, and that said survey was made in 1842 and approved in March 2, 1857, then the jury will find for the defendants.  2. If the jury believe from the evidence that the plaintiff claimed title to part of survey No. 1587 under Jacques Labbé, and his possession has extended over the line before the survey was made by the United States for defendants, then said possession was not adverse to the title of defendants, as it was a mistake as to the true line.  3. The plaintiff claiming title under the confirmation to Jacques Labbé and survey No. 1587, any possession by plaintiff over the lines of his confirmation will not be adverse to the defendants, claiming under F. Lachapelle's survey No. 1592, until a survey was made by the United States marking out the dividing line between the confirmations of the plaintiff and defendants respectively." The court refused these instructions, but instructed as follows for

the defendants: "4. If the jury believe from the evidence that the possession of the plaintiff of the land sued for was by mistake as to the true line between the parties, their said possession was not adverse."

The cause was tried by the court without a jury. The court found and rendered judgment for plaintiff.

*Field* and *Whittelsey*, for appellants.

I. There was no adverse possession beyond the true line, for the reason that manifestly there was no claim of title beyond that line. Bare possession, unaccompanied with a claim of title, or originating in accident, ignorance or mistake, is not adverse to the true owner. (See Cutter v. Waddingham, 22 Mo. 266; Jackson v. Porter, 1 Paine, 466; Riley v. Griffin, 16 Geo. ——; Brown v. Gay, 3 Greenl. 226; Ross v. Gould, 5 Greenl. 240; Lincoln v. Edgcomb, 31 Maine, 345; Gilchrist v. McLaughlin, 7 Ired. 315; McKenny v. Kenny, 1 A. K. Marsh. 460; Cleveland v. Flagg, 4 Cush. 76; Olwine v. Holman, 11 Harr. 285.) The instruction given for the plaintiff was erroneous. (Taylor v. Zepp, 14 Mo. 482.)

II. Until the survey made by the United States definitely located the line between the parties, the intention which constitutes an adverse possession was wanting. (See Jourdan v. Barrett, 4 How. 169, 184; Bryan v. Forsyth, 19 How. 384; West v. Cochran, 17 How. 415; Ledoux v. Black, 18 How. 475; Cousin v. Blanc, 19 How. 202; Cabanné v. Lindell, 12 Mo. ——.) The point presented in this case differs from that of Aubuchon v. Ames, 27 Mo. 89, or that of Landes v. Brant, 10 How. 348. See Menkens v. Blumenthal, 19 Mo. 496; Ang. on Lim. § 384; Comegyss v. Carley, 3 Watts, 280; Bradstreet v. Huntington, 5 Pet. 440; Ewing v. Burrett, 11 Pet. 41.

*Krum & Harding*, for respondent.

I. Uninterrupted, continuous possession for more than twenty years is shown by the testimony. This possession was adverse; it was in pursuance to a claim. The fence was

made upon a line dividing the two tracts. The parties held possession up to the fence. Lachapelle's representatives acquiesced in this claim and possession. It was not necessary to show an express agreement. (Biddle v. Mellon, 13 Mo. 335; Joyal v. Rippy, 19 Mo. 660.) The instruction given at the instance of plaintiff was correct. The parties made a practical location or designation of the dividing line between them. From their acts an agreement in respect to the dividing line may well be inferred. (Taylor v. Zepp, 14 Mo. 482; Rockwell v. Adams, 6 Wend. 467.) The instructions asked by the defendants were properly refused.

RICHARDSON, Judge, delivered the opinion of the court.

The dispute in this case is about a small strip of land on the line between two common fields in the Grand Prairie of St. Louis. Both of the lots were confirmed by the act of Congress of the 29th April, 1816, but the official survey of the defendant's lot was not approved until 1857, and it does not appear when the survey of the plaintiff's confirmation was approved.

The first question that arises is whether there can be an adverse possession of a confirmation under the act of 1816 until the confirmation has been surveyed and the survey approved. That question was discussed and decided in the case of Aubuchon v. Ames, 27 Mo. 89, which is not distinguishable from this case, and the instructions therefore asked by the defendant bearing on that point were properly refused.

If the plaintiffs erected their fence accidentally upon the defendant's land through mistake or ignorance of the correct line separating the tracts and without intending to claim beyond their true line, then the line of occupation thus taken and the possession that followed it did not work a disseisin. The proposition is fully sustained by the authorities cited in the defendant's brief.

The instruction given for the plaintiff contained, in the abstract, a correct statement of the law, which is illustrated and approved by the supreme court of the United States in

the case of Boyd v. Graves, 4 Wheat. 518; but the evidence preserved in the record did not warrant it, and for that reason it is erroneous.

The other judges concurring, the judgment will be reversed and the cause remanded.