## DOCTERMAN v. WEBSTER.

1. FORECLOSURE OF MORTGAGE: TRIAL ON APPEAL. Proceedings to foreclose mortgages are tried in the Supreme Court on errors of law, duly presented as in other causes triable by ordinary proceedings.

*Appeal from Henry District Court.*

TUESDAY, APRIL 5.

ON the 13th day of October, 1856, plaintiff sold to defendant one hundred acres of land, for the sum of two thousand dollars, nine hundred of which was paid down, and eleven hundred was to be secured by mortgage on the premises sold. In conveying to the defendant the land sold, and taking back from him a mortgage to secure the unpaid purchase-money, there was included in both instru

ments, by the mistake of the scrivener drawing the same, one hundred and forty acres of land in addition to the one hundred acres sold, which did not belong to the plaintiff, and which was not as a matter of fact sold or intended to be sold to the defendant, a fact which, it is alleged, he well knew. Said mortgage was executed to secure, among other things, a note of $600, dated 30th September, 1856, payable the 25th of December, 1857, with ten per cent interest from date. Default being made in the payment thereof, a correction and foreclosure of the mortgage is asked.

The defendants, in their answer, controvert the statements made in the petition, except their purchase of the land described in the mortgage, and the giving of said mortgage to secure a part of the purchase-money. They further set up a cross claim of two hundred dollars damages, resulting from the alleged misrepresentation of the plaintiff, that a certain enclosure of forty acres, on one of the tracts purchased, was all broken and in a cultivable state, when the fact was that some seven or eight acres of the same had not been ploughed or cultivated; also for falsely representing that there were some ten acres outside of said field, on the same tract of land, cleared and made ready for ploughing, when in truth it was covered with underbrush, and not made ready for cultivation.

These allegations were duly traversed by the plaintiff's replication. At the hearing of said cause a judgment of foreclosure was rendered for the amount of plaintiff's claim, less a credit of one hundred dollars allowed the said defendants for the damages claimed by them in their answer, for the reason and upon the ground alleged in said answer, and to this allowance the plaintiff excepts and appeals, &c.

*L. G. Palmer* for the appellant.

*Clark & Doolittle* for the appellee.

Lowe, J. — The case presented is the foreclosure of a mortgage. In such a case the second method of trying equitable issues obtains, as will appear from sections 2999 and 3000 of the Revision. This involves a trial after the manner of ordinary proceedings, both in the District Court and in this Court. We do not try such a case here anew, or upon its merits, but upon legal errors duly assigned and presented as in cases at law. The one before us presents no questions of this kind for our consideration. The case was tried by the Court, who did not find and enter of record the ultimate facts in the case, together with his conclusion thereon. There was no bill of exceptions to any *ore tenus* ruling of the Court, no motion for a new trial, and no assignment of errors in this Court. In this condition of the record the judgment below must stand

Affirmed.