## HENDERSON v. LEGG *et al.*

1. PRACTICE: METHOD OF TRIAL: EQUITABLE ACTIONS. A proceeding to revive a mortgage which the mortgagee has been induced to surrender by the false representations of the mortgagor, and to foreclose the same, is an equitable action, triable by the first method.

*Appeal from Washington District Court.*

WEDNESDAY, JUNE 22.

THE case and the nature of the suit will best be understood, by stating the facts out of which they have arisen.

In December, 1857, the defendants, Joshua H. and Mary Ann Legg, gave their mortgage on certain real estate to William Robison, to secure two notes of $141.90 each, payable in one and two years.

In January, 1860, they gave another mortgage on the same land to one Isaac Dillon, to secure to him a debt of about $200. After this Robison died, and the plaintiff was appointed his administrator, who subsequently, upon the solicitation of Robison, as it is alleged, agreed to deliver up his notes aforesaid made to the intestate, in consideration the said Robison would make to the estate a deed in fee simple to the mortgage premises to which, as an inducement to the plaintiff to enter into the negotiation, he represented that he had a good title, free from all incumbrances. Upon the strength of these representations the plaintiff surrendered the notes, and took from Legg and wife a deed for the land. Afterwards, learning of the existence of the Dillon mortgage, the plaintiff tendered back to Legg the deed aforesaid (which had not been recorded), and demanded a return of his notes, which being refused, he filed his bill in equity, setting up the foregoing facts, and alleging that the representations aforesaid in regard to the title of the land being free from incumbrances, were false and fraudulent, and asking that the contract of sale should be rescinded, and set aside as fraudulent and void, and that he should be restored to his rights under the mortgage; and that the same should be foreclosed, &c.

The defendants, in their answer, admit the execution of the notes and mortgage to Robison, deny the alleged false representations, and resist the setting aside of the contract

and the restoration of the plaintiff to his rights under the mortgage. At the hearing, the case was tried, according to the second method of trying equitable causes, against the objection of the defendants, and a decree responsive to the prayer of the petition was entered.

A motion for a new trial being overruled, the defendants appeal.

J. T. McJunkin for the appellants.

Patterson & Sherman for the appellee.

LOWE, J.—The case was tried upon oral testimony, and according to the second method of trying equitable causes, against the objection of the defendants, who excepted at the time. Afterwards he made the same objection the foundation of a motion for a new trial, which was again overruled. It should have prevailed. The proceeding was not an ordinary foreclosure. The point of the controversy does not relate to any matter arising upon the mortgage itself, or the justness of the debt which it was given to secure, respecting which there was no dispute, but to the restoration of rights lost under the same by the fraudulent acts and declarations of the defendant, J. H. Legg.

The plaintiff had been induced to surrender the notes and security aforesaid, in exchange for the fee simple title of the land mortgaged, and the false and fraudulent representation of the defendant that he had a clear and unencumbered title thereto.

The gist of the complaint is the fraudulent character of this transaction, and the prime object of the proceeding is to obtain relief against the same, and to revive the plaintiff's rights under the mortgage, by giving effect to the latter.

The inquiry as well as the object proposed by the proceeding address themselves to the plenary jurisdiction of

a court of equity, and could only be tried according to the first method specified for the trial of equitable causes, in the absence of any agreement to the contrary, which is not pretended to have been made. The circumstance, that the plaintiff also asks a foreclosure of his mortgage in the event he is restored to his rights under the same, is but secondary, and does not alter the general character or aim of the proceeding. The judgment must be reversed, and the cause remanded for a new trial.

Reversed.