## CLAGETT v. CONLEE, and JONES v. HOCKMAN.

1. STATUTE OF LIMITATIONS: ADVERSE POSSESSION. A mere possession, without claim or color of adverse title, will not enable a defendant in an action of right to avail himself of the statute of limitations. To constitute an adverse possession, it must be held under a color of title: (following *Jones* v. *Hockman*, 12 Iowa, 102; and *Wright* v. *Keethler*, 7 Id., 92.)

2. ERRONEOUS INSTRUCTION. An instruction which is *prima facie* erroneous is not sufficient ground for the reversal of a cause when the record shows that the appellant was not prejudiced thereby.

*Appeal from Lee District Court.*

*Appeal from Van Buren District Court.*

WEDNESDAY, JUNE 22.

ACTIONS OF RIGHT. Plaintiffs derive title through and under the decree, partitioning the "*Half Breed Tract*," in Lee county. Defendants rely upon their plea of the statute of limitations. Conceding the validity of the "decree" (with which we have nothing to do in these cases), the fee simple to the lands is in the respective plaintiffs. It also appears that defendants and those under whom they claim

had been in the actual occupancy and possession of said lands for such a number of years anterior to the commencement of these actions, as to bar them, provided such possession was of such a character as to give defendants the benefit of the statute. In the second case defendant testifies "that he never claimed any title, either decree title, tax title, sheriff title, nor any other kind of title, except the title or right of a settler or squatter; and that he had so informed the prior owners of the decree title; that at the time he went into possession of the land, McCarty, the person from whom he purchased the premises, told him that he did not have or claim to have the decree or any other than the settler's title." And other testimony was given, showing that at times he defied the decree title; at others did not know where the title was, but all tending to establish the fact, that his possession and claim of right was of the nature above stated, as extracted from his own testimony. While the testimony is not so conclusive in the first case, it nevertheless shows that defendant and those under whom he claimed, held the land, not under a claim of title, but as a settler, defying the decree title, and believing, perhaps, that the "settler's" title was paramount to that under the partition proceedings.

The verdict was for defendant in the first case, which on plaintiff's motion was set aside. In the other plaintiff recovered, and a motion for a new trial was overruled. Defendants appeal.

*Semple & Kinley* and *Marshall & Todd* for the appellants.

*J. M. Beck, Rankin & McCrary* and *D. F. Miller* for the appellees.

WRIGHT, Ch. J.—These cases involve substantially but one question, and they are, therefore, considered together.

The statute declares that actions for the recovery of real

property shall be brought within ten years after the cause of action accrues, and not afterwards. (Rev., § 2740, Code, § 1659.) Suppose a defendant and those under whom he claims to have been in possession (not under plaintiff or his title, nor with his consent), but without any color or claim of title, is such a possession so inconsistent with plaintiff's right as to defeat his action, brought after the lapse of ten years? This very question, in all its bearings, direct and incidental, was before us heretofore in one of the cases now under consideration, and it was then held that a mere possession, without color or claim of an adverse title, will not enable a defendant in an action of right to avail himself of the statute of limitations; and that to constitute an adverse possession, it must be held under a claim of title. (12 Iowa, 101.) And the same principle was recognized in *Wright* v. *Keithler*, 7 Iowa, 92. And upon these two cases we shall rest the affirmance of those now before us, without rediscussing the questions made, or considering at length the earnest, importunate, not to say unusual argument of appellants' counsel. It is our duty to pass upon each of the errors assigned, and not necessarily upon all the many and varied points made by counsel in their support. And when, as in the present instance, the errors are assigned in different forms, the law only requires that we shall meet and dispose of the real and actual questions involved. It does not contemplate that the same proposition is to be discussed and determined by us as often as assigned for error by the industry and abundant caution of counsel.

We say we place the decision of these cases upon the authority of those referred to, and the authorities there cited, and thus we do, without the least hesitation, satisfied as we are that they are right, and supported as they are most abundantly by reason and authority, and made as they were, and (especially that which decided one of the

present cases when formerly before us) after the most careful and patient examination of the law on the part of counsel as well as the court. And we may add, that the examination of appellant's present brief, instead of shaking our confidence in the correctness of the conclusions heretofore reached, has but served to strengthen them. Counsel, as it seems to us, misconceive the clear tenor and general bearing of the authorities, while one of them, at least, from a most remarkable zeal, either for his client or a principle, has been led into strictures and a course of argument which we have neither the time nor the disposition to follow, nor does the occasion demand it.

The court below, on the subject of the measure of damages for rents and profits, followed the rule stated in *Dangan* v. *Von Phul*, 8 Iowa, 263; and this we think just, equitable and easily understood.

Our attention is called very briefly to the amount allowed plaintiff in the second case for rents, it being suggested that he recovered for more than six years prior to the institution of his action. The instruction on this subject was to allow the value of the rent, *during the time defendant held the land*, prior to the commencement of this suit. *Prima facie*, this is erroneous—as the statute confines the recovery for use and occupation to *six years*. (Rev., § 3576.) When it is remembered, however, that plaintiff only claimed damages for a part of said six years, and that there was no pretense that the defendant had enjoyed such use and occupation for more than three or four years, all ground of prejudicial error is removed. Not only so, but the damages assessed ($180) satisfies us that under the proof, the jury did not allow for a period anterior to the six years, nor for a longer time than the premises were occupied by defendant. Defendant was not prejudiced, therefore, and the judgment in each case should be

Affirmed.