## DUMONT v. BARRALL *et al.*

*Appeal from Jackson District Court—Tuesday, October 10.*

APPEAL: MODE OF TRIAL IN EQUITY CAUSES.

THE plaintiff's petition is filed to foreclose a mortgage made to her by Wells, one of the defendants. Among the defendants named in the petition was one Josiah Lamborn, who answered, that he was a judgment creditor of Wells, and that Wells' mortgage to the plaintiff was fraudulent and void. Other issues, not necessary to be now noticed, were made and tried between the plaintiff and the other defendants. The District Court, on a trial upon the merits, decided in favor of the validity of the plaintiff's mortgage lien, and established its priority over Lamborn's judgment lien.

It now turns out that, at the date of the rendition of this decree, Lamborn was dead. His legatees assigned his judgment and claim to the appellant, Barrall, who was one of the original defendants to the plaintiff's suit. Upon Barrall's motion, the decree is reopened and retried upon the same evidence upon which the cause was originally tried. The question upon this retrial was, whether the plaintiff's mortgage, as to the said Lamborn, was fraudulent and void, and a decision was again made in favor of the plaintiff. Defendant Barrall appeals.

*Bissell & Shiras* for the plaintiff.

*Joseph Kilso* for Barrall.

DILLON, J.—By the Revision, the cause was triable by the second method. (Rev., § 3000.)  No exceptions were taken by the appellant; no motion for a new trial was made by him; nor was the evidence, against the weight of which he claims the decree to be, embodied in or preserved by a bill of exceptions.  In a case of this kind, we cannot act upon a certificate of the clerk, "that the foregoing is all of the testimony in the cause."  The case at bar is like *Docterman* v. *Webster*, 15 Iowa, 522.  This is certainly so, as between the parties now before us—probably so as to all parties.  It is unlike *Henderson* v. *Legg*, 16 Iowa, 484.

Affirmed.