·Mally v. Mally *et al.*

1. **Appeal:** IN CHANCERY CAUSE: PRACTICE. An appeal to the supreme court from a final decree in a cause properly triable by the first method of trial of equitable actions brings up the case for trial *de novo*, notwithstanding it was heard below upon oral testimony.

2. **Circuit court:** JURISDICTION: FORECLOSURE OF MORTGAGES. While the circuit court has jurisdiction in cases for the foreclosure of mortgages, it is limited to those cases which are triable by the second method of trying equitable causes; and where equitable relief is sought in respect to a matter preliminary to the foreclosure, as the cancellation of an entry of satisfaction claimed to have been made through mistake, the case becomes one of purely equitable cognizance, triable by the first method, of which the circuit court has not jurisdiction.

*Appeal from Winneshiek Circuit Court.*

Saturday, January 28.

On the 1st day of January, 1867, the defendants, John Mally and wife, executed to plaintiff a mortgage upon the N. E. quarter of section 14, and the S. E. quarter of the S. E. quarter of section 24, town. 97, range 9, to secure the sum of $3,800. Subsequently satisfaction of this mortgage was entered upon the record, and a mortgage, dated February 18, 1870, was executed on the same property to secure the said sum of $3,800, together with the further sum of $1,320.

Intermediate the dates of the first and second mortgages, A. Bradish obtained a judgment, by confession, for the sum of $523 against one John Morlie, who is the same person as the defendant John Mally. Plaintiff alleges that he had no knowledge of this judgment at the time he entered satisfaction of the first mortgage. Plaintiff prays judgment for the amount due him, and asks that, if it be

found that the defendant John Mally and the judgment defendant John Morlie are one and the same person, the discharge of the first mortgage be canceled as to A. Bradish, the same re-instated, and the amount unpaid thereon declared a lien upon said mortgaged premises prior to said judgment. Upon the trial a decree of foreclosure was rendered against A. Bradish for the amount of the first mortgage, less the sum of $997. From this decree against A. Bradish the plaintiff appeals. No question is made as to the decree against the principal defendant, John Mally, nor does the record disclose what that decree is.

*Willett & Bennett* for the appellant.

*Morse & Brown* for the appellees.

DAY, Ch. J.— I. The cause was heard in the court below upon oral testimony. It is claimed by appellant, and conceded by appellee, that it is properly triable by the first method of trying equitable issues. *Henderson v. Legg*, 16 Iowa, 487.

Appellant insists that by stipulation the evidence was reduced to writing by the court, and, with the exhibits, was to be taken as the record. He does not state that the cause was to be *tried* by the *second* method. The stipulation referred to is not incorporated into the abstract.

Appellee claims that there was no agreement as to the mode of trial, and that the stipulation was only to make the pleadings, evidence and exhibits records in the case.

We regard the case, therefore, as tried by the first method, reviewable here *de novo*, and the error in the admission of oral testimony was waived by the failure to object thereto at the time of its introduction. *State* v. *Orwig*, 27 Iowa, 528.

II. The plaintiff asks that, if it be found that John Mally is identical with John Morlie, the judgment defendant, the discharge of the first mortgage be canceled, and the same be re-instated. He claims the relief upon the alleged ground that when he entered satisfaction of the first mortgage he was not aware of the existence of the judgment in favor of Bradish. Appellee insists that the circuit court has no jurisdiction of this branch of the case. Section 4, chapter 86, Laws 12th General Assembly, confers upon the circuit court jurisdiction of foreclosures of mortgages. The foreclosure of a mortgage is triable by the second method of determining equitable issues, in which the cause is heard upon oral testimony, tried by jury, if either party so elect, and reviewed, on appeal, upon errors of law, duly excepted to and assigned. Rev. §§ 2999, 3000. It is thus seen that a proceeding to foreclose a mortgage, though denominated as the "second method of equitable trials," in fact partakes of all the essential elements of a trial at law.

We are of opinion that the statute, which confers upon the circuit court jurisdiction over foreclosures of mortgages, has reference to the above method, which is the ordinary and usual procedure in such cases. When, however, as preliminary to a foreclosure, it becomes necessary to determine that satisfaction of the mortgage has been entered through mistake, and to cancel such satisfaction, the case becomes one of purely equitable cognizance, triable by the first method of determining equitable issues, and subject to all the provisions which apply to that mode of trial. In such cases relief from the mistake is the substantive remedy, and the foreclosure of the mortgage is merely ancillary. See *Henderson* v. *Legg*, 16 Iowa, 484. General equity jurisdiction has not been conferred upon the circuit court, and, in our opinion, it cannot be maintained in this case from the fact that, as an incident to the relief sought, the foreclosure of a mortgage is asked. That such juris-

diction was entertained by the court below is quite apparent from the decree. The court ordered against A. Bradish a foreclosure of the *first* mortgage, less a given credit. If the court had found that Bradish's judgment, as against the plaintiff, was not a lien upon the mortgaged premises the foreclosure would have been for the amount of the *second* mortgage; and if the court had not found that satisfaction of the first mortgage was entered through mistake, it could not, as against A. Bradish, have been foreclosed. For the error of the court, in assuming an unauthorized jurisdiction, the judgment must be reversed.

The cause will be remanded to the circuit court, with leave to the plaintiff to waive his claim as to the foreclosure of the first mortgage, and to prosecute his action upon the second, or to submit to a nonsuit and institute proceedings in the district court, as he may be advised.

. Reversed.