## GRUBE v. WELLS.

1. Adverse possession: STATUTE OF LIMITATIONS. The statute of limitations is not available as a defense in an action of right, unless the defendant has held possession of the land for the statutory period, under color of title or claim of right. Mere possession is not sufficient.

2. —— The *quo animo*, or intention in which the possession was taken and held by the defendant, is an essential consideration. It must be shown that he intended to hold in hostility to the true owner.

3. —— The facts relied upon to constitute adverse possession cannot be presumed, but must, in all cases, be strictly proved.

4. —— The claim of right must be as broad as the possession. It was accordingly *held*, where defendant's claim was limited to a lot of a certain number, but his possession extended to and covered a part of an adjacent lot embraced in his inclosure, that this did not amount to an adverse possession of the latter.

5. —— A mere *belief* that the lot which defendant claimed extended to the limits of the inclosure is not equivalent to a claim of title or right, and, therefore, not sufficient to constitute adverse possession.

*Appeal from Des Moines District Court.*

FRIDAY, MARCH 29.

ACTION to recover the possession of a part of lot 260, in the northern addition to the city of Burlington, being a strip of about the width of fifteen feet, of the south end of said lot. Trial to the court without a jury, and judgment for plaintiff. Defendant appeals.

*Halls & Baldwin* for the appellant.

No appearance for the appellee.

BECK, Ch. J. — The district court found the following facts, and thereon rendered judgment for plaintiff : The plaintiff is the owner of lot 260, in the northern addition to the city of Burlington, and the defendant owns lot 1, in Wood's subdivision, which adjoins plaintiff's lot on the

south. About twenty-five years ago defendant's grantor inclosed lot 1, and made other improvements upon it. The fence on the north was set about fifteen feet over the line upon lot 260, which was uninclosed, and remained in that condition until within the last four or five years. Defendant and her grantor have had actual possession and exercised rights of ownership over the strip of land in controversy since it was inclosed, but have never had any other right or color of title than such as result from the possession stated. They have held the land under the belief that it was covered by the deeds conveying to them lot 1, and were not informed otherwise until within about one year, when, upon an accurate survey, the true line was established. There is no dispute about the other boundaries of lot 1, and defendant's title and possession to the whole of it have never been questioned. Defendant has paid taxes continuously on lot 1, and plaintiff on lot 260.

The question presented by the foregoing facts, as found by the district court for determination, is this: Is defendant protected in her possession of the land in dispute by the statute of limitation?

I. The statute of limitation is not available as a defense, unless the defendant holds the land under color of title, or has had actual adverse possession for the full time limited by the statute for the commencement of the action. *Wright* v. *Keithler*, 7 Iowa, 92; *Jones* v. *Hockman*, 12 id. 101; S. C., 16 id. 487. It is not claimed that in the case before us defendant holds color of title to the land, but recovery is resisted on the ground that she and her grantor have been in the adverse possession of the property for the time which, under the statute, will bar the action. We are required to determine whether the possession relied upon is of that character which is deemed by the law adverse.

An essential ingredient of adverse possession is a *claim of right* hostile to the true owner. So, if one enter upon

the land of another, without any color of title, or claim of right, the possession thus acquired is not adverse, but the possessor will be deemed by the law to hold under the legal owner. In such a case no length of possession will make it adverse. *Jones* v. *Hockman, supra ; Bradstreet* v. *Huntington*, 5 Pet. 402 (440); *Ricard* v. *Williams*, 7 Wheat. 59 ; *Comegys* v. *Corley*, 3 Watts, 280 ; *Gray* v. *McCreary*, 4 Yates, 494 ; *Brandt ex dem. Walton* v. *Ogden*, 1 Johns. 156 ; *Jackson ex dem. Bonnell et al.* v. *Sharp*, 9 id. 163.

II. The *quo animo* in which the possession was taken and held is a test of its adverse character. The inquiry, therefore, as to the intention of the possessor, is essential in order to determine the nature of his possession, and, before his possession may be pronounced adverse, *it must be found that he intended to hold in hostility to the true owner*. *McNamee* v. *Moreland*, 26 Iowa, 97. See, also, *Bradstreet* v. *Huntington, supra*, and the other authorities last cited.

III. The facts relied upon to constitute adverse possession must be strictly proved ; they cannot be presumed. The law presumes that the possession of land is always under the regular title, and will not permit this presumption to be overcome by another presumption. There can be no such thing as conflicting legal presumptions. *McNamee* v. *Moreland, supra ; Fele* v. *Doe*, 1 Blackf. 129.

IV. The defendant's grantor, when he entered upon the land in dispute, did not claim title thereto. He claimed title to lot 1, but to no part of lot 260. It is very plain that, under the authorities above cited, the claim of right must be as broad as the possession. Defendant's claim was limited to lot 1 — his possession covered that lot, and a part of lot 260 ; he took possession of more land than he claimed. But, is the fact, that the *belief* of defendant and her grantor, that lot 1 extended to the line of their possession, equivalent in law to a *claim* of title to the land

Grube v. Wells.

in dispute? The term *belief* implies an assent of the mind to the alleged fact, and is not supported by knowledge. One may believe a proposition without making it known, or without possessing any knowledge upon the subject. It is, or may be, a passive condition of the mind, prompting in neither action nor declaration. The term *claim* implies an active assertion of right — the demand for its recognition. This assertion and demand need not be made in words; the party may speak by his acts in their support, as by the payment of taxes, erection of improvements, etc. One may *believe* that he has a right to land without asserting or demanding it. But it is said the right is asserted by the possession. This cannot be admitted, for the possession, to be supported by the law, must be under claim of right. The argument is this: The lawful possession is proved by the claim of right, which, in turn, is established by the possession. The reasoning is within a very narrow circle. But there is another objection to it upon a principle above stated. The adverse character of the possession must be strictly proved, and, in the argument just noticed, it is inferred from an alleged condition of mind.

As we have seen, the *intention*, the *quo animo* of the possessor, must be shown. This cannot be done by mere proof of possession: it must be shown to exist under certain conditions, to be qualified by the existence of a claim of right; for the adjective characteristics of a thing cannot be shown by proof of the mere existence of the thing itself.

In this case, we have the possession admitted. As we have seen, it must be shown to be adverse under a claim of right. Simple belief on the part of defendant of her right to the land, we have pointed out, is not equivalent to, nor will it supply the place of, the claim required by the law, and, as we have shown, possession will not establish the *quo animo*. There is, then, in the case, absolutely no evidence of the adverse holding of defendant.

* The conclusion we have announced is supported by decisions of this court, and by other authority. *McNamee* v. *Moreland*, 26 Iowa, 97; *Brown* v. *Cockerell*, 33 Ala. 45; *Hamilton* v. *Wright*, 30 Iowa, 480; *Burnell, Adm'r of Russell*, v. *Maloney*, 39 Vt. 579; *St. Louis University* v. *McCune*, 28 Mo. 481; *Riley* v. *Griffin et al.*, 16 Ga. 141; *Brown* v. *Gay*, 3 Greenl. 126; *Ross* v. *Gould*, 5 id. 204; *Lincoln* v. *Edgecomb*, 31 Me. 345; *Gilcrest* v. *McLaughlin*, 7 Ired. 310.

V. The following cases are cited by defendant's counsel, in support of views contrary to the doctrines we have just announced. We will briefly notice them.

*Burdick* v. *Heivly*, 23 Iowa, 511, is not in conflict with the foregoing views. In that case, there was a claim of right distinctly shown, if not an agreement of the parties to the effect, that the disputed line was in fact the true boundary of the lands. In *Close* v. *Samm*, 27 Iowa, 503, the right in question related to the flowing back of water upon the mill of plaintiff, by a dam built by the other party. That right was sustained upon evidence of prescription, and it was claimed to the extent exercised by defendant. Here was an express claim of right. In illustration of the ruling made by the court, Mr. Justice COLE supposes the case of conflicting claims to land adjacent to a boundary line. But the case he puts expressly supposes the party, availing himself of the statute of limitation to *claim* the lands, and to set up an adverse possession under color of title. In *Brown* v. *Bridges*, 31 Iowa, 138, the right of plaintiff to recover is based upon prescription, and it clearly appears that he had *claimed* and held possession of the land in dispute, and upon that ground set up his prescriptive title. In *Stuyvesant* v. *Tomkins*, 9 Johns. 61, the point decided is, that trespass, *quare clausum fregit*, will not lie on behalf of one not in possession of lands. Whatever appears in that case, relating to the point under consideration, was said *arguendo*.

In *Lawrence* v. *Hunt*, 9 Watts, 64, the claim under the statute was based upon an actual survey, and in *Brown* v. *McKenney*, id. 565, it is held that the party setting up adverse possession is protected therein, as it is expressly said by the court, under a *claim* of title to the land.

In these authorities, there is to be found nothing in conflict with the conclusions we have reached in this case.

In our opinion, the ruling of the district court upon the facts found is correct.

Affirmed.