W. O. WICKHAM, Appellant, v. EPHRAIM HENTHORN.

Recording Acts: QUITCLAIM DEED. The unrecorded conveyance of a grantor takes precedence over his subsequent quitclaim deed which is duly recorded. .

Possession without Deed: SALE UPHELD. Possession, consented to by the seller of land, makes title, though no deed be executed.

Adverse Possession: COLOR OF TITLE. Where one enters land, having no color of title, adverse possession does not run in his favor until he does acquire color or claim of right.

*Appeal from    Hardin    District    Court.* — HON. J. L. STEVENS, Judge.

MONDAY, MAY 21, 1894.

ACTION in equity to quiet the title to that part of the northeast quarter of the southeast quarter of section 36, in township 89 north, of range 20 west, fifth principal meridian, Iowa, Hardin county, lying east of the center of the Iowa river, containing about six acres. Each party claims by chain of title; also by prescription; and each asks to be quieted in his title.    Decree was entered dismissing the plaintiff's petition and quieting the title in the defendant.    Plaintiff appeals. —*Affirmed.*

*Huff & Ward* for appellant.

*C. E. Allbrook* for appellee.

GIVEN, J.—I. We first consider the contention as to title by deed. It appears by the abstracts of title presented by both parties, that each claims through W. H. Nelson.   Plaintiff shows a quitclaim deed from Nelson to him, dated July 20, 1889, filed for record July 27, 1889.   Defendant shows a quitclaim deed from Sylvester A. Hamlin to Joseph C. Butler, dated July 26, 1872, filed for record June 15, 1889; also a quitclaim deed from Butler to the defendant dated May 2, 1889, filed for record May 24, 1889.   Mr. Hamlin testifies that he purchased the land from Mr. Nelson in 1869, and occupied it, paid taxes thereon, and took timber therefrom, up to 1872, when he conveyed the land to Butler.   He says, "I don't know certain that Nelson ever executed the deed to me, but, if he did, it was burned up with my papers when they burned in 1873." Mr. Nelson, after stating that he executed the quitclaim deed to plaintiff, says:   "Have no recollection of my making any sale and conveyance of the land alluded to to Sylvester A. Hamlin."   He further says that, if Mr. Hamlin would say under oath that he purchased the land, "he ought to know, and I would give it considerable weight, but should think he would have a deed." He further states that he might have sold and conveyed the land to Hamlin and have forgotten it.   Mr. Nelson left Hardin county in 1870, and Mr. Hamlin left it in 1872, and both have since resided in distant states.   The six acres in question are separated from the rest of the quarter section by the Iowa river, and are of but little value aside from the timber upon them, most of which was removed prior to 1873.   When Mr. Nelson left, in 1870, there was timber on the land, and, if he continued to own it, it is somewhat remarkable that he should have given no further attention to the land until applied to by the plaintiff to purchase it in July,

1889. We have no doubt but that Mr. Hamlin purchased and took possession of the land, paid taxes thereon, and took timber therefrom up to 1872, when he conveyed to Mr. Butler. It is fair to presume that, having ·purchased the land, Nelson executed a deed to Hamlin in pursuance of the purchase. The absence of the deed is accounted for by the statement of Hamlin that ·his papers were burned in 1873. If it be true that Nelson sold to Hamlin, but did not execute a deed, the sale, being accompanied with possession with the consent of Nelson, must be upheld under our statute. *Hamilton v. Wright*, 30 Iowa, 481; *Hughes v. Lindsey*, 31 Iowa, 332; *Tuttle v. Becker*, 47 Iowa, 487.

Our next inquiry is as to plaintiff's rights under his quitclaim deed, as against this chain of title to the defendant; or, in other words, as against the unrecorded conveyance from Nelson to Hamlin. *Steele v. Bank*, 79 Iowa, 339, 44 N. W. Rep. 564, fully answers this inquiry. It is there held that such a deed only conveys the interest of the grantor, whatever it may be. "It in no sense purports to convey a title, not even by inference. * * * The deed is itself a notice of a want of or defect in the title. * * * If the presentation of such a deed is notice of a defect in or want of title, then the holder can not take without notice, and stands unprotected by the statute." It is held that an unrecorded bond for a deed takes precedence over a subsequent quitclaim, though the deed is based upon a valuable consideration and is taken without actual notice of the bond. As plaintiff is not entitled to precedence, by virtue of his quitclaim deed, over the sale from Nelson to Hamlin, we need not determine whether or not he took his deed with notice of that sale.

II. Plaintiff claims to have been in possession of the land for thirteen years prior to June, 1889, at

which time the defendant asserted ownership and demanded possession thereof. The plaintiff testifies that "there seemed to be no owner visible, and I took possession until I could find some one who did own it." The plaintiff's possession was without color of title or claim of right, prior to the execution of the quitclaim deed to him July 20, 1889. "To constitute an adverse possession there must be some color of title under which the defendant has in good faith supposed he had a right to the property, and under which he continued in possession." *Jones v. Hockman*, 12 Iowa, 108; *Hamilton v. Wright, supra; Grube v. Wells*, 34 Iowa, 148. Plaintiff's possession being without color of title or claim of right prior to July 20, 1889, it was not adverse, but subject to the rights of the owner.

An entry without color of title or claim of right may become adverse by subsequently acquiring color of title or claim of right, and holding under it; but the possession is only adverse from the time of acquiring such title or claim of right. *Hamilton v. Wright, supra*. Conceding that plaintiff's possession was continuous and uninterrupted for thirteen years, as he claims, he is not entitled to the land by reason thereof, because his possession was not adverse.

III. In the deed from Hamlin to Butler the words "southeast quarter" were omitted in describing the land. Defendant asked a correction of the deed in this respect, and the correction was decreed as prayed. The evidence fully sustains the decree in this respect. The written agreement between Hamlin and Butler was a proper subject of pleading and proof, as it tends to show a mistake in the deed. It follows from the conclusions reached that the decree of the district court must be AFFIRMED.