G. B. LIBBEY, Appellant, v. JOHN YOUNG, *et al.*

**Adverse Possession.** Adverse possession of a part of the land will be considered, for the purpose of title by adverse possession, under
1 the Iowa statute, to extend to the whole sub-division to which the occupant holds color of title or makes claim of right.

PRESUMPTIONS. The presumption that possession of land extends to the entire congressional sub-division called for by the occupant's conveyance or claim of right, does not obtain where, with his
2 knowledge, and that of his grantors, another person has been in possession of part of the sub-division, under color of title or claim of right, for more than ten years.

*Appeal from Webster District Court.*—HON. B. P. BIRD-
SALL, Judge.

SATURDAY, OCTOBER 16, 1897.

SUIT in equity to enjoin and restrain defendants from trespassing upon certain lands lying east of the Boone river in Webster county. The defendants claim title to the land by prescription. The trial court dismissed the plaintiff's petition, and he appeals.—
*Affirmed.*

*Hyatt & Hyatt* for appellant.

*J. A. O. Yeoman* and *W. S. Kenyon* for appellees.

DEEMER, J.—Each party claims title to the land by adverse possession. It is true that appellant pleads a patent title, but he has failed to prove it, and his right to the land, if he has any, is based upon prescription. His claim of right and color of title is based upon certain conveyances from one Bell (who went into possession of some of the land situated in the same congressional subdivision as the land in dispute, in the year 1858) to Nathan Baker, in the year 1865, from Nathan Baker to James Baker in the year 1874, and from James Baker to appellant in the year 1891; and the possession of these various grantees is relied upon by appellant as establishing his title. Appellees claim title through a parol conveyance of the land in dispute from a Mrs. Gleason, the widow of one Solomon Gleason, who, it is claimed, bought the land from one Lamphere, who took possession in the year 1869. Lamphere claims to have purchased the land from one McGrath, who claimed to have purchased from Nathan Baker. Appellant's evidence makes a *prima facie* case of ownership of the land, and he is entitled to it unless the appellees have established their claim of adverse possession. To this we now turn our attention. Boone river runs through the southeast quarter of section 25—87—27, and the land which lies east of that river is the property in dispute. When Nathan Baker purchased the land, he made his improvements upon the west side of the river, but he also took such possession of that lying upon the east side, that appellant is entitled to the land unless appellees have shown title by adverse possession. The evidence establishes the following facts with reference to this possession: Lamphere settled upon the land east of the river in 1869, and held possession of about three hundred acres in the southeast quarter of section 25 until he sold to Gleason. When Lamphere sold to Gleason

he gave him possession, and Gleason continued to use and occupy the land until his death, which occurred in the year 1880. The widow and heirs of Gleason cultivated it the summer after the father died, and in the spring of 1882 Mrs. Gleason sold to appellee Young, who immediately took possession, and proceeded to cultivate the land, and has ever since held possession. In the year 1885, James H. Baker, who then claimed to own the land on the west side of the river, endeavored to purchase the land in dispute from appellee Young. He offered him a horse or one hundred dollars in money for the land. Appellant claims that Gleason went into possession of the land as a tenant of Baker, and introduces some evidence to establish the fact. But Baker denies that he leased to Gleason, and we are of opinion that the claim is not established. Appellant also claims that there was an hiatus in appellees' possession, but this is not true, as we understand the evidence. Upon this state of facts it is clear that plaintiff cannot recover. Defendant and his grantors have been in possession of the land under color of title or claim of right for more than ten years. Their possession has been actual and continuous, notorious and hostile, for the period prescribed by statute. But for the fact that appellee Young and his grantees have had possession of the land for more than ten years, the presumption would be that appellant had been in possession of all the congressional subdivisions called for by his conveyance, or claimed as of right. But appellee and his grantors have, as has been seen, been in possession, with the knowledge of the appellant's grantors, for such length of time that their title has become perfect. *Railway Co. v. Allfree*, 64 Iowa, 506. That appellee Young has held possession under claim of right or color of title is fully established by the cases

of *Hamilton v. Wright*, 30 Iowa, 489; *Teabout v. Daniels*, 38 Iowa, 161; and *Brown v. Bridges*, 31 Iowa, 138. The attempt by James H. Baker to purchase the land of Gleason is a strong circumstance in appellee's favor. *Davenport v. Sebring*, 52 Iowa, 364; *Litchfield v. Sewell*, 97 Iowa, 247.

Appellant further contends that in no event should appellees be decreed to own or hold more of the land than was actually occupied by them. We have already referred to the presumption which obtains in such cases, to the effect that possession of a part will be considered to extend to the whole subdivision to which the occupant holds color of title or makes claim of right. *Watters v. Connelly*, 59 Iowa, 217. In this case appellee and his grantors made claim to all of the southeast quarter of section 25 lying east of the river, and their possession must be as broad as their claim. The decree of the district court is right and it is AFFIRMED.