ADAM HAFNER, Appellant, v. SETH CHASE, ET AL. and FRANK J. MULHERN. ·

Quieting title: ADVERSE POSSESSION : EVIDENCE. The plaintiff in a
1 suit to quiet title must recover on the strength of his own title: And evidence that plaintiff's cattle strayed from his own land across a river and pastured upon uninclosed land on the other side will not support a claim of adverse possession, in the absence of any color of title or claim of right thereto, as distinguished from the general common right to pasture cattle upon such uninclosed land.

Same: DECREE. The granting of relief upon the cross-bill of one
2 codefendant against plaintiff and other codefendants, in a suit to quiet title, is a matter of which the plaintiff can not complain, where he had no interest in the premises and the codefendants were not objecting.

*Appeal from Warren District Court.*—HON. EDMUND NICHOLS, Judge.

SATURDAY, FEBRUARY 19, 1910.

ACTION to quiet title. There was a decree for defendants, and plaintiff appeals.—*Affirmed.*

*O. C. Brown,* for appellant.

*J. O. Watson,* for appellees. ·

McCLAIN, J.—Chase and other defendants made default, and the controversy submitted to the lower court was between plaintiff and defendant Mulhern as to the title to about two acres of land in the E. ½ of the N. W. ¼ of section 22, township 77, range 24 W., of the Fifth P. M. in Warren County, lying in a bend of North River, which in its general course is near the line dividing the eighty into two fortys, according to the government survey. The deeds under which plaintiff claims, so far as they bear on this controversy, describe only land in the northwest quarter of the section lying north of the main channel of North River, and if he establishes any title to land south of the river, he does so by evidence tending to show adverse possession thereof for the statutory period. He and one other witness on the trial testified to his stock crossing the river at times and pasturing on the land in controversy, but it clearly appears that the land south of the river was at that time uninclosed, and cattle might go thereon where they would. The testimony does not even tend to show that plaintiff or his tenant at any time put cattle upon the land in controversy under any claim of right to do so as distinct from the general common right to pasture them on uninclosed land. In short, there is not the slightest evidence that plaintiff ever made any claim of right to this particular piece of land, and, as he never had any color of title thereto, his mere use would not amount to adverse possession. *Grube v. Wells,* 34 Iowa, 148; *Solberg v. Decorah,* 41 Iowa, 501; *Wickham v. Henthorn,* 91 Iowa, 242; *Biglow v. Ritter,* 131 Iowa, 213. If plaintiff had ever made any claim to this particular parcel of land as distinct from other land lying south of the river and uninclosed, there might be a legitimate question under the evidence as to the sufficiency of his adverse possession, though even then it would be doubtful

whether his acts were not referable to express or implied permission on the part of the owner of the legal title; but, in the absence of any proof of claim of right, and without any paper title whatever, we think there is no evidence tending to show an adverse possession.

Much of the argument of counsel for appellant is devoted to the title of defendant, and it appears that the premises in controversy were not included within any proper description of the conveyance under which defendant claims. But that fact is plainly immaterial. Plaintiff must recover on the strength of his own title, and he has failed to make out any title, either by conveyance or adverse possession. Therefore he is not entitled to relief. If, by mistake in assuming that the channel of North River corresponded with the boundary line between the north half and south half of the west half of the quarter section, plaintiff failed to get deeds which covered the land in controversy, then his remedy is by action for reformation. But no evidence is introduced in this case which would justify any such equitable relief.

Counsel contend that the court erred in granting relief to defendant Mulhern on his cross-bill asking that his title to the land in controversy be quieted in him as against plaintiff and codefendants. But the codefendants are making no objection to the decree; and, as plaintiff has no right whatever to the premises, the granting of the prayer of the cross-petition was not erroneous as to him. The decree is *affirmed*.