LIBBIE M. GOULDING, Appellee, v. NELS B. SHONQUIST, Appellant.

Appeal: CITATION OF AUTHORITIES: DUTY OF COUNSEL. In refraining from citing authorities in support of a contention urged on appeal, on the theory that the court knows its own decisions, of which there are a great number, counsel fail in performing their full duty to aid the court in determining the questions presented.

Real property: ADVERSE POSSESSION: CLAIM OF RIGHT: COLOR OF
2 TITLE. Title to real property cannot be acquired simply by open,
notorious and adverse possession for the statutory period; there must
be some record title or definite claim of right, by virtue of which
the claimant supposes in good faith that he has a right to the
property, and under which he continues in possession. Mere occu-
pancy by a trespasser, and improvement of the property as a mat-
ter of convenience to himself and family, appreciating that he has
no right or title, does not constitute such adverse possession as
will ripen into title, or operate as a bar under the statute.

*Appeal from Pottawattamie District Court.*—HON. E. B.
WOODRUFF, Judge.

SATURDAY, APRIL 12, 1913.

PLAINTIFF brought this action to recover possession of
four lots, containing about three acres, in East Omaha, in
Pottawattamie county. Defendant claimed the title and right
of possession by prescription, and that, based on a claim of
right, he had been in adverse possession for more than ten
years; that therefore the action was barred. At the conclusion
of all the evidence, the court directed a verdict for plaintiff.
Defendant appeals.—*Affirmed.*

*A. W. Askwith,* for appellant.

*George H. Mayne* and *F. H. Gaines,* for appellee.

PRESTON, J.—There is no dispute in the evidence. Plain-
tiff is a nonresident of the state. She acquired title to the
property by warranty deed about thirteen years ago, and the
abstract shows a complete chain of title from the government
down to her. She has paid all taxes. Defendant lives on and
owns the land adjoining the lots in controversy, or rather
just across the street, but, at the time he took possession of
the lots in controversy, the street had not been used. When
he moved into his own house, the land in controversy was

partly under water, and nearly all of it grown up with brush and willows, which extended up to his house. At that time he had three small children; hunters and other trespassers came there; and defendant says he and his wife thought they ought to clear it off. In the spring he cleared it off, using the brush to make a road across the land. Next fall he fenced the lots. This was more than ten years prior to the commencement of this action. The next season after it was fenced, he broke it up and cropped it. He says he had heard the land was the old river bed. Parts of the land were under water, but he used. it for pasture when fit, and used some of it for garden. He says he has been in possesison and claimed to own it ever since he fenced it. He has never given in the land for taxation. The lots were platted in 1888, several years before defendant took possession, but he says he did not know this.

Defendant did not go to the county records to see who owned the land until two years before the trial, and made no inquiry to find out whether it was government land or whether some one owned it. There is no claim that defendant held the land under color of title, but he does claim that he had possession under a claim of right. The question is whether, under the undisputed evidence, he did occupy the lots under a claim of right.

Appellant's counsel says he has purposely refrained from the citation of authorities on the presumption that this court is familiar with its own decisions. There are about twenty thousand such decisions, some of them containing a number of legal propositions. The presumption, if it exists, may be one of fact rather than of law. We suggest that counsel has not performed his full duty in aiding the court in answering the question propounded. *State v. Farlee,* 74 Iowa, 451. Appellee cites one case: *Litchfield v. Sewell,* 97 Iowa, 247.

1. APPEAL: citation of authorities: duty of counsel.

Counsel for appellant says he is unable, under the deci-

sions, to say just what is such a claim of right as will be sufficient to put in running the statute of limitation, and asks, "What is a claim of right? A direct answer to that question by this court in this case ought to settle that question for all time." It is said that some of the earlier decisions use the phrase "color of title, or claim of title," and that later there crept into the opinions the phrase "claim of right."

Appellant's theory, as he states it, is: "All that is necessary to set in operation the statute of limitations is the open, notorious, and adverse possession of real estate, coupled with any kind of a claim, whether under color of title, claim of title, or any other claim to the same made in good faith." Under such a doctrine, if we understand the proposition, possession by a lessee under a lease would be sufficient. The tenant would be in the occupancy of the land, claiming the right to possession, but under the lease. This would not be sufficient.

2. REAL PROP-
ERTY: adverse
possession:
claim of
right: color of
title.

Counsel has included in his proposition the words "adverse possession." These words alone involve the question of possession under color of title or claim of right. To constitute color of title, there must be a paper or record title of some kind, but a claim of right may be based upon an oral agreement. *Hamilton v. Wright,* 30 Iowa, 480; *Libbey v. Young,* 103 Iowa, 258.

In this case defendant does not claim to have any color of title. Before he can rely on his possession as being adverse and as a bar, he must have held under a claim of right or claim of title. These words "claim of right" or "claim of title" are often used in the same sense. It is difficult to give an exact definition that would be applicable in all cases, but there must be some claim of right or title or interest in or to the property by which the possessor, in good faith, supposes he has a right to the property, and under which he continues in possession, and which, when held openly for the requisite length of time, with the intention of holding against the true

owner and all others and adversely, will ripen into a title. *Litchfield v. Sewell,* 97 Iowa, 247; *Blumer v. Land Co.,* 129 Iowa, 32; *Iowa Land Co. v. Blumer,* 206 U. S. 482 (Sup. Ct. 769, 51 L. Ed. 1148); *Grube v. Wells,* 34 Iowa, 148; 1 Cyc. 1029; *Wickham v. Henthorn,* 91 Iowa, 242; *Wilbur v. Railroad Co.,* 116 Iowa, 65; *Laraway v. Larue,* 63 Iowa, 407; *McBride v. Caldwell,* 142 Iowa, 228. There must be something upon which to base the claim. 7 Cyc. 183, note 58. It is not necessary that the claim of right be a valid and legal one. If possession is held under it and the other required elements are shown, it will ripen into a title.

In this case the record title to the lots in question rests in the plaintiff. The defendant's claim rests upon more than ten years' possession, which he now claims has ripened into a title. Under the facts of this case, and under the law, as we have shown, to acquire such title, possession must have been taken and held by the defendant in good faith, under a claim of right. According to his own testimony, there is nothing upon which to base a claim of right. When he moved into his present property, the lands in question were objectionable because they were frequented by hunters, and for that reason he and his wife thought they ought to clear them up. He says he supposed they were part of the old river bed or waste land upon which any one could enter. No other facts are offered by defendant as a reason for entering into the possession of the land at that time. Whether the title to the land was in the state or some other person, the defendant knew that he had no title and that he had no claim of title, and no right whatever to enter into the possession, and his possession was not in good faith for that reason. In *Litchfield v. Sewell, supra,* it was said: "It seems to be well settled that there can be no such thing as adverse possession where the party knows he has no title, and that under the law he can acquire none by his occupation."

Defendant has offered no evidence to justify his taking possession of the land other than a mere convenience to him-

self and family in clearing it. He was a mere trespasser in entering into the possession, and his occupancy since is as a trespasser. He has never given it in for taxation or offered to pay any of the taxes, which shows that he did not suppose the land belonged to him. Mere occupancy alone will not ripen into a title or constitute a bar under the statute. *Grube v. Wells,* 34 Iowa, 148; *Wright v. Keithler,* 7 Iowa, 92; *Jones v. Hockman,* 12 Iowa, 101; *Clagett v. Conlee,* 16 Iowa, 487; *Litchfield v. Sewell, supra; Schrimper v. Railway,* 115 Iowa, 35; *Keller v. Harrison,* 151 Iowa, 320; *Wickham v. Henthorn,* 91 Iowa, 242; *Hafner v. Chase,* 146 Iowa, 231; 1 Cyc. 1028, 1029.

The trial court properly directed a verdict for plaintiff.— *Affirmed.*