## SKINNER v. CRAWFORD.

1. **Adverse Possession**: INTENTION: STATUTE OF LIMITATIONS. Where the owner of one of two adjoining tracts of land, without an intention of claiming or occupying beyond the boundaries of such tract, encloses with it a portion of the other, the possession so held is not adverse to the true owner, and although held for more than ten years will not support a plea of the statute of limitations to an action by such owner.

*Appeal from Jones District Court.*

THURSDAY, JUNE 17.

THIS is an action for the possession of a strip of land across the south side of a certain described forty acres of land, four rods wide at the east end and three rods wide at the west end. The defendant filed an answer denying all the allegations of the petition, and pleading the statute of limitations. The cause was tried to a jury and a verdict was returned for the plaintiff. The motion for a new trial was overruled, and judgment was entered for the plaintiff. The defendant appeals.

*R. Somerby* and *Sheean & McCarn,* for appellant.

*Remley & Ercanbrack,* for appellee.

DAY, J.—The court, amongst other instructions, upon its own motion, directed the jury as follows:

"7. As before seen, the burden of proof in establishing adverse possession is on the party setting it up, and the facts constituting such possession must be satisfactorily established; if the defendant when he took pos session of the land in controversy, if you find that he did take possession of it, only intended to claim and occupy the northeast one-fourth of the northeast one-fourth of section 22, town and range aforesaid, but by mistake extended his fence too far north and included a part of the southeast one-fourth of the southeast one-fourth of section 15, in said town and range, in his possession and improvements, and cultivated the same ever since then, such facts alone do not in law constitute adverse possession which will entitle him to hold it as against the true owner, even though you should find that he had possession of the same for ten years continuously before the commencement of this action.

*1. ADVERSE possession: intention: statute of limitations.*

"8. If, as before seen, the evidence satisfies you that the true and original section corner and line is as claimed by Skinner, then in law Skinner will be entitled to a verdict unless the defendant should satisfy you that he held open and notorious and adverse possession of the disputed tract for ten years under a color of title or claim of right. An essential element of adverse possession is a claim of right adversely to the true owner or his grantors; and as we have stated, such possession must be open, notorious and continuous for the statutory period before it will ripen into a title. Hence, if you believe that Crawford did enter upon said land without any color of title, or without claiming any right thereto, then a possession under such circumstances is not adverse, and a possession without such color of title or claim of right will not ripen into a title, will not become adverse possession however long it may continue."

On the plaintiff's motion the court gave the jury the following instruction:

"If you find that the plaintiff is the owner of the southeast one-fourth of the southeast one-fourth of section 15, and that the strip of land in controversy is in said southeast one-fourth of southeast one-fourth of section 15, and that said strip of land has been in the possession of the defendant for more than ten years prior to the commencement of this suit, then it will be essential for you to consider the intention in which the possession was taken and held by the defendant, and if you find that the defendant's claim was limited to certain land in section twenty-two, but that his possession extended to and covered the strip of land in dispute, you are instructed that this did not amount to adverse possession and the plaintiff will be entitled to recover."

The defendant excepted to these instructions, and assigns the giving of them as error. These instructions are fully in accord with the rule of law recognized by this court in *Grube v. Wells*, 34 Iowa, 148, and in *State v. Welpton*, 34 Iowa, 144. These authorities we believe to be in harmony with the general rule of law upon the subject. In Angell on Limitations, page 387, the following language is employed: "It is the occupation, with an intent to claim against the true owner * * *, which renders the entry and possession adverse. 'It is not,' said Mr. Justice THOMPSON, 'possession alone, but that is accompanied with the claim of the fee, which, by construction of law, is deemed *prima facie* evidence of such an estate.' Indeed, that it is the intention to claim title which makes the possession of the holder of the land adverse, is the doctrine upon which the decision in every case proceeds. If it be clear that there is no such intention, there can be no pretence of adverse possession. Therefore, it has been held that if the owner of the land, through inadvertency or ignorance of the dividing line, includes a part of an adjoining tract within his inclosure, it is not a possession adverse, or so in the nature of a disseizin, as to prevent the true owner from conveying and passing the same by deed."

II. It is claimed, however, that these instructions are not,

authorized by the testimony. The defendant pleaded and relied upon the statute of limitations. It is incumbent upon the defendant, in order to establish this defense, to prove possession of the property in question, taken and held under such circumstances as will, under the established and recognized rules of law, bar the plaintiff's action. It was, therefore, not only proper for but incumbent upon the court, under the evidence, to declare the law applicable to the question of adverse possession. In Angell on Limitations, pages 387–8, it is said: "Questions of adverse possession thus depending upon the intention of the possession, and the knowledge, or the means of knowledge, on the part of the owner of the land, are questions of fact, as well as of law, to be determined by a jury as the best means of ascertaining their truth. They are questions of law on which the court has a right to instruct the jury; and in finding the *quo animo*, the jury must, of course, be left to their own view of the effect of the evidence. This is the simple rule which seems to be established by the authorities, and all the difficulties consist in so arranging the facts as to apply the principles correctly."

III. It is insisted, further, that the verdict is not supported by the evidence; that the jury were not warranted from the evidence in finding that the division line between the premises is so located as to make the strip in controversy a part of the southeast quarter of the southeast quarter of section 15, owned by the plaintiff. There is a substantial and real conflict in the evidence upon this point. We cannot hold that the evidence does not warrant the verdict.

IV. It is claimed that the defense of the statute of limitations is established without any conflict in the evidence. The fact that the defendant has held possession of the property for more than ten years, it must be admitted, is established without any conflict. But under the instructions and the law, as we understand it, such fact alone is not sufficient. In Angell on Limitations, page 388, it is said: "But if the jury return a verdict only that the defendant has held quiet

possession of the demanded premises for more than twenty years, such verdict cannot, by legal intendment, be considered as establishing the alleged fact of disseizin." Under the evidence the jury may well have found that the defendant inclosed and held possession of the strip in controversy believing that it formed a part of the northeast quarter of the northeast quarter of section 22, which he owned, and that he did not intend to assert any claim to it, if it did not, in fact, constitute a part of that quarter section. Such a possession, this and other courts have held, does not bar the action of the real owner. The judgment is

AFFIRMED.