WILSON V. GUNNING.

1. **Adverse Possession:** COLOR OF TITLE. Defendant's grantor, in 1872, in exchange for a strip of land which he desired for a road, told plaintiff's grantor to inclose a good, big acre in the northeast corner of the former's land, which the latter did, and at once took possession of the land so inclosed, and he and plaintiff have ever since held possession of the same. The former afterwards conveyed his land to defendant, with the understanding that defendant should deed the acre to plaintiff's grantor, which he afterwards did; the deed describing a tract beginning at the northeast corner of defendant's land, thence west six rods (to the fence which plaintiff's grantor had built), thence south twenty-eight rods (along the fence), thence east six rods, thence north to place of beginning, "containing one acre, more or less, * * * lying along the railroad" (which was on the west). Before defendant deeded he procured a chain and attempted to measure the land which plaintiff's grantor had inclosed, and, finding it to be something

more than an acre, said, "Take it all, and let it go," and made the deed as above. Defendant afterwards found that the point at which the measurement was begun was some seven feet west of the corner, and he claimed a strip of land of corresponding width along the railroad. But *held* that the possession of plaintiff and his grantor for more than ten years of the whole of the inclosed tract was adverse and under color of title, and that defendant was liable to plaintiff for trespass upon the claimed strip. (See opinion for cases distinguished.)

2.   **Trespass:** CUTTING TIMBER: TREBLE DAMAGES: EVIDENCE. Where the evidence showed that defendant had acquiesced in plaintiff's rightful claim to the land in question, and that it was a narrow strip of land, of no practical value to any one but plaintiff, and that defendant climbed three fences, crossed the railroad, and cut the trees from the land, and carried the wood which they made over the three fences, *held* that it was sufficient to justify a verdict for treble damages as for wilful trespass, under section 3335 of the Code.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

FILED, MAY 28, 1890.

THIS is an action at law by which the plaintiff seeks to recover damages of the defendant for an alleged wilful trespass upon certain land, and cutting down and removing certain timber therefrom. There was a trial by jury, verdict and judgment for the plaintiff, and the defendant appeals.

*B. F. Heins* and *Louis Heins*, for appellant.

*J. M. Redmond*, for appellee.

ROTHROCK, C. J.—I.   The controversy between the parties involves the title to a small strip of land adjoining the right of way of the Burlington, Cedar Rapids and Northern railroad. The claim of the plaintiff is founded upon adverse possession of the land by himself and his grantor, one Kortson, for the period of more than ten years.   The evidence in the case shows that in 1872 one

1. ADVERSE possession: color of title.

T. C. Gunning, the father of the defendant, owned some land in the northeast corner of a certain forty acres, being a government subdivision of a section. Kortson, the plaintiff's grantor, owned land in the vicinity, and, in order to allow Gunning an outlet to a road, he (Gunning) proposed exchanging an acre of his land in the northeast corner of said forty-acre tract for part of the land of Kortson. The exchange was made, and Gunning directed Kortson to inclose "a good acre" in the corner of said forty-acre tract. Kortson inclosed what was supposed to be an acre by building a fence around it, and the possession has been maintained ever since, by Kortson first, and later by the plaintiff, his grantee. The land in controversy was inclosed, and all parties acquiesced in the claim that the inclosure was properly made, until a short time before the commencement of this suit, which was in December, 1888. Kortson took possession of it with the knowledge of D. O. Gunning, and Gunning gave Kortson a memorandum or writing showing that he was entitled to a deed for an acre, "more or less." At the time the exchange was made the wife of Gunning was in Colorado, and Gunning intended to go there also, and it was arranged that when he arrived there he and his wife should convey all of his land, including that in controversy, to his son John F. Gunning, the defendant herein, and he should convey the land in question to Kortson. The land was conveyed to the defendant, and in 1879 he conveyed to Kortson, in pursuance of the previous arrangemement. In 1872 the Burlington, Cedar Rapids and Northern railroad was constructed through the land so that its right of way was very near to the west line of the land inclosed by Kortson. Before making the deed, the defendant procured a chain, and he and Kortson began at what was supposed to be the corner of the forty acres, and measured west six rods, to the fence along the railroad; then south twenty-eight rods, along the fence; then east six rods; and then north to the beginning. This measurement made eight square

rods more than an acre, and the defendant said, "Take it all, and let it go;" and the deed was made accordingly. Some time afterwards the defendant had a survey made, and ascertained, as is claimed, that the corner of the forty-acre tract is further east than was supposed at the time Kortson took possession, and at the time the measurement was made with the chain. The land in dispute is a very narrow strip, twenty-eight rods long, lying along the railroad right of way. This strip is about seven feet wide at the north, and we suppose, from a plat introduced as evidence, that it may be fourteen feet wide at the south end.

The court instructed the jury, in effect, that mere possession of the land for ten years or more would not be adverse, unless it was accompanied by color of title or claim of right; and that if plaintiff's grantor, Kortson, purchased a tract of land in said forty acres to contain a good, big acre, more or less, and that he upon said purchase took possession of and inclosed the same, and from that time claimed to be the owner thereof, and that defendant or his grantor knew thereof, or acquiesced in, or at any time during said possession acknowledged, Kortson's right therein, then said Kortson's possession, and the possession of plaintiff, would be under claim of right. It is plain, from the evidence in the case, that the plaintiff and his grantor held the strip of land in dispute under claim of right. Kortson had fully paid for it before he took possession, and he was put into possession by D. C. Gunning, the then owner. But counsel for appellant contends that there was no adverse possession of the strip of land in controversy, because there was a material mistake as to the boundary lines, and reliance is had upon the cases of *Grube v. Wells*, 34 Iowa, 148; *Skinner v. Crawford*, 54 Iowa, 119; and *Mills v. Penny*, 74 Iowa, 173. But we think there was no evidence in this case that the parties intended to limit the amount of land sold by D. C. Gunning to Kortson to an acre by strict measurement. It was to be an acre, more or less. It was said by D. C.

Wilson v. Gunning.

Gunning to be a "good acre." This had no reference to the quality of the land, for there was no question as to its location. We think that, in view of the acts of the parties, it referred to the quantity, including the measurement made by the defendant with the chain; and the location of the railroad and the fence satisfies us that there was no material mistake, and that the cases above cited have no application to the facts of this case.

II. It is claimed that the court did not correctly instruct the jury as to the nature of adverse possession. It seems to us that there should be no complaint in this regard. The instructions are, in substance, those usually given in such cases, and we discover no error in them.

III. The court instructed the jury that, if the defendant wilfully cut the trees without right, the plaintiff was entitled to recover three times the value thereof. It is claimed by counsel for appellant that there was no evidence authorizing the recovery of more than actual damages. The evidence shows that the defendant had acquiesced in the plaintiff's claim of ownership; and the fact that the land is a narrow strip, of no real value to any one but the plaintiff, and that defendant, in order, as we suppose, to provoke this litigation, climbed three fences, and crossed the railroad, and cut the trees, and carried the wood which they made over the three fences, is, in our opinion, sufficient to warrant a recovery of three times the value of the trees, as provided by section 3335 of the Code.

2. TRESPASS: cutting timber: treble damages: evidence.

IV. Other objections are made to the rulings of the court pending the trial. In our view of the case, they do not demand consideration in an opinion. We are satisfied, upon an examination of them, that there is no well-grounded objection to any ruling of the court. The judgment of the district court is

AFFIRMED.