T. J. HUGHES et al., Appellants, v. E. H. RHINEHART et al., Appellees.

**BOUNDARIES:** Elements of Acquiescence. To establish a boundary line by acquiescence, it is not necessary to show that a claim was made to land beyond that fixed in the party's deed. Legal acquies-cence for the required period is all that is essential.

*Appeal from Palo Alto District Court.*—JAMES DE LAND, Judge.

DECEMBER 31, 1920.

THE defendants acquired land adjoining that of plaintiff on the east, and, shortly thereafter, tore down the fence appar-ently between the tracts, and erected another, about 16 feet east

of it. Plaintiff sued out a writ of injunction, praying for a decree fixing the boundary where the fence removed had stood. Decree was entered denying this relief, but rendering judgment for damages. The plaintiff appeals.—*Reversed and remanded.*

*Charles E. Hughes* and *R. S. Milner*, for appellants.

*Heald & Cook*, for appellees.

LADD, J.—On the 16th day of April, 1903, Alex Ruthven and wife conveyed to Ross Hughes certain premises in Palo Alto County, described as:

"Commencing at the southwest corner of Section eighteen (18), Township ninety-six (96), Range thirty-four (34) West of the Fifth P. M.; thence north three hundred thirty-four (334) feet to the Mulroney Addition to Ruthven, Iowa; thence west three hundred forty (340) feet; thence south three hundred thirty-four (334) feet; thence east three hundred forty (340) feet to place of beginning."

The evidence tended to show that, at the time, a wire had been strung on posts somewhat farther west than the west boundary as described in the deed. Whether this wire fence was pointed out by the grantor as the west line of the tract, is in controversy. There is no dispute, however, but that a new woven wire fence was constructed, where the wire had been stretched, by plaintiff some time the next year, and that this fence continued on that line until torn down by the defendants, in 1918. In the meantime, plaintiff, with his wife, has occupied the premises described above up to this fence continuously, until interfered with by defendants, as stated; though Mrs. Hughes conveyed the property to plaintiff in 1908. Ruthven retained the land to the west of that mentioned until 1910, when he conveyed it, about 5 acres, to Crookshank, who deeded it to McCulmont, in 1915, and he to defendant Rhinehart, in 1916. The latter conveyed the south half of it to defendant Willis in 1917. During the period from 1904 until 1918, Ruthven and those acquiring title under him, as well as plaintiff, occupied the respective tracts up to the fence last above described, and so

did without in any manner questioning the correctness thereof, as marking the true division line. Even when defendants tore the fence down, and proceeded to erect another, 16 feet farther to the east, this was done without taking up the matter with plaintiff, but solely on their motion. The good faith of the occupancy up to the fence is not questioned by anything appearing in the record, and, in the absence of some showing to the contrary, *bona fides* is to be presumed. Rosa Hughes' testimony was not essential. To establish a line by acquiescence, it is not necessary that a claim to land beyond that fixed in the deed should be shown. What is essential is that the attitude of the respective owners toward the line marked as a division line be in harmony with it as such for a sufficient time to warrant the inference that it has been adopted as such. *Helmick v. Davenport, R. I. & N. R. Co.,* 174 Iowa 558; *Griffith v. Murray,* 166 Iowa 380.

As sustaining our conclusion, see *Miller v. Mills County,* 111 Iowa 654; *O'Callaghan v. Whisenand,* 119 Iowa 566; *Palmer v. Osborne,* 115 Iowa 714; *Griffin v. Brown,* 167 Iowa 599; *Tice v. Shangle,* 182 Iowa 601; and others following the case first cited, too numerous to mention. The principle therein recognized is in harmony with *Grube v. Wells,* 34 Iowa 148, tending, as it does, to eliminate controversies over division lines long recognized; while the rule of that case renders it more difficult to appropriate the land of another. If the decisions cited are to be followed, the decree in this case cannot be upheld; and we have no notion of overruling them.

Decree should have established the division line where the fence stood from 1904 to 1918, taxed all costs to defendants, and judgment should have been entered for such damages as were caused by defendants' wrongful acts. That this may be done, the cause is remanded to the district court.—*Reversed and remanded.*

Weaver, C. J., Stevens and Arthur, JJ., concur.