FRED E. DOWNING, Appellant, v. TEMPERANCE I. GLASSBURNER
et al., Appellees.

**BOUNDARIES** : Ascertainment—Acquiescence for Ten Years. A boun-
dary line marked by a fence and mutually acquiesced in by the
property owners for more than ten years becomes irrevocable. (See
Book of Anno., Vol. 1, Sec. 12306, Anno. 10 *et seq.*)

**Headnote 1:** 9 C. J. p. 247.

*Appeal from Davis District Court.*—E. S. WELLS, Judge.

OCTOBER 20, 1925.

THIS is a suit in equity to establish a boundary. Decree for
defendant. Plaintiff appeals.—*Affirmed.*

*T. P. Bence,* for appellant.

*E. Rominger,* for appellees.

MORLING, J.—The object of this suit is to determine the
boundary between the land of the plaintiff and the land of the
defendant Temperance I. Glassburner. The plaintiff, instead
of proceeding in the form of a special action, as provided by
Section 4230, Code of 1897, comes into equity, and alleges that
the owners cannot agree upon their boundary; that they had
agreed that plaintiff might call a surveyor, and that they would
put their fences on the lines found by him; that plaintiff did
call a surveyor, who made a survey; but that defendant refused
to abide by it. The prayer is that the boundary lines and cor-
ners be established, and a commission appointed, as provided by
law, to locate the corners and boundaries.

The defendants Temperance and her husband David Glass-
burner answer that the lines have been established and acqui-
esced in for more than 20 years; that they have had adverse pos-
session for more than 10 years.

The lands of both parties were originally owned by Eliza-

beth K. Shuck, the mother of the defendant Temperance. On November 6, 1906, Elizabeth K. Shuck and husband conveyed to defendant Temperance "a square 2 acres of land" in the northeast corner of a described 40. The deed did not otherwise locate, bound, or describe the land conveyed.

On April 3, 1922, the Shucks conveyed to the plaintiff "the southeast fractional quarter of southwest quarter [the same 40 described in the prior deed] containing 35 acres more or less." There was no other description, and there were no exceptions or limitations in the description of the land conveyed.

There is a road on the east side of the 40 in question, and another on the north side. The right of way of the Rock Island road runs east and west through the 40, a few rods south of the north line.

The 2-acre piece was a gift from the mother to the daughter. It was not marked off by any mutual arrangement. Before the defendants built on it, defendant David, husband of Temperance, stepped off from the road on the north of the 40 to the railroad line, and he says the distance was 15 rods and 11 feet. He says he stepped 21 rods from the road on the east westward. This he says made 2 acres. He then built from the right of way north a permanent fence along the west side so located, but left the north end of the line open on account of his cattle, which ran into the pasture to the west. Defendant rented this pasture from Mrs. Shuck all of the time until plaintiff purchased it. After plaintiff purchased, plaintiff extended this fence with woven wire to the north line, as he says, on defendants' statement that the fence was on the line. Upon getting the 2 acres, defendants not only built the fence, but a house and outbuildings, including a wagon shed or barn worth $400 or $500. A square 2 acres in the northeast corner of the 40, including the portion of the roads belonging to the land, the width of which is not shown, apparently would leave a strip between it and the railroad right of way, and also a strip between it and the west fence referred to, and would leave outside of the 2 acres the wagon shed or barn referred to on the west, and certain minor structures to the south. The width of these strips or the area of the actual inclosure is not shown, though apparently considerable.

The Shucks lived about a mile away, and frequently saw the defendants' premises. No question ever arose about the lines until some months after the deed for the 35 acres was made to the plaintiff, and after he had extended the west fence.

It is clear that the defendants for more than ten years were openly using and occupying as their property the entire tract north of the right of way and east of the line of the fence, had erected buildings upon it, and exercised apparent ownership over it, without question or objection. The plaintiff, during all this time, was living in the neighborhood, and was familiar with the physical conditions and apparent occupancy and ownership referred to. While the deed from Mrs. Shuck to her daughter is for "a square two acres of land in the northeast corner," it was a gift, made evidently for the purpose of enabling defendants to make for themselves a home there. The deed would not prevent the parties from applying the practical measurements or the practical area and effect which without dispute have been given to it. The mother never saw fit to question the defendants' obvious demarkation of the tract, and never questioned the defendants' right to erect their buildings where they did, or to use as owners the entire tract which they (save the opening at the north end of the west fence) inclosed. The plaintiff took the deed for the entire 40 as having an area of 35 acres, with full knowledge of the obvious condition of the occupancy. The area after deducting the right of way and defendants' premises is not shown. The plaintiff testifies that Mrs. Shuck told him that the defendants had only 2 acres; that he thought the barn was on the 35 acres, and understood he was to get all that was on it. Later he says, "I never thought about the barn when I bought it."

We think that the necessary conclusion from the evidence is that, when Mrs. Shuck gave the 2-acre piece to her daughter, the daughter and her husband were permitted to mark it off, and that they did so in the manner indicated, built their fence, erected their buildings, and occupied the property with reference to the lines so marked, all with the knowledge and acquiescence of Mrs. Shuck; that those lines were regarded by Mrs. Shuck and the defendants, and stood unquestioned, as the boundaries for more than ten years. This practical location ought

not now to be disturbed. *Hughes v. Rhinehart,* 190 Iowa 560; *Lynch v. Northwestern Laundry,* 194 Iowa 317; *Tice v. Shangle,* 182 Iowa 601; *Corey v. City of Fort Dodge,* 118 Iowa 742.

The plaintiff's claim is stale and without equity. *Corey v. City of Fort Dodge,* supra; 1 Pomeroy's Equity Jurisprudence (4th Ed.), Section 419.

The judgment is—*Affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.